MONROE, J.
This being an action in damages, defendant called on plaintiff to furnish a bond for costs, to which plaintiff pleaded extreme poverty, and was excused, agreeably to the' provisions of Act 156 of 1912, from complying with the demand. Defendant then moved that the presiding judge be recused on the ground that his son is one of the counsel by whom plaintiff is represented and *397 who are prosecuting the suit upon an agreement for a purely contingent fee; to which the counsel answered, admitting .the fact so alleged, and incorporating in their answer an agreement between them and defendant’s counsel to the effect that the presiding judge should be recused and should appoint the judge of an adjoining district court to try the • case. The judge, however, declined to recuse himself, for the reason, as stated by him, that:
“The lawmakers of Louisiana not having seen fit to make the judge’s relationship to an attorney, appearing for a party in a cause, a cause of recusation, your respondent reached the conclusion that no cause of recusation was shown.”
In support of which view respondent refers to articles 338 and 340 of the Code of Practice and the eases of State v. Barnes, 34 La. Ann. 399; State v. Chantlain, 42 La. Ann. 719, 7 South. 669. The law under which the question is to be determined is as follows:
“That in cases in which a district judge” (referring to district judges, parish of Orleans excepted) “shall be recused, ewoept for cause of interest, he shall, for the trial thereof, appoint a lawyer having the qualifications of a judge of the district court in which the recused case is pending, and, if no lawyer having the necessary qualifications can be obtained at the term of court at which the recusation is declared, the judge (recused) shall immediately appoint some district judge of an adjoining district to try the case, who shall be notified of his appointment in the manner provided in section 3 of this act.”
Act No. 40 of 1880, § 2.
“The causes for which a judge shall be recused are:
“(1) I-Iis being interested in the cause; provided that in all civil and criminal causes in which the state, the parishes, or political or religious corporations are interested it shall not be sufficient cause to challenge the judge or justice of the peace, who may have cognizance of the case (nor the sheriff, or the executive officer, or any of the jurors who are called to serve in the cause), to allege that they are citizens or inhabitants of the state or of the parishes, * * * or that they pay any state, parish, or city tax.”
••2. His being related to one of the parlies within the fourth degree.
“3. His having been employed, or consulted as advocate in the cause.
“4. His being father-in-law, son-in-law, or brother-in-law of one of the parties. * * *
“5. His having performed any judicial act in the cause in any other court.”
Act No. 35 of 1882.
Act 124 of 1906 confers upon attorneys at law a special first privilege on all judgments obtained by them, and on the property recovered under such judgments, for the amount of their professional fees; and further provides that:
“By written contract signed by the client, attorneys at law may acquire as their fee in such matter an interest in the subject-matter of the suit, proposed suit, or claim, in the prosecution or defense of which they are employed, whether such suit or claim be for money or for property, real, personal, or of any description whatever. And in such contract of employment it shall be lawful to stipulate that neither the attorney nor the client shall have the right, without the written consent of the other, to settle, compromise, release, discontinue, or otherwise dispose of such suit or claim. Either party to said contract shall have the right at any time to file same with the clerk of the district court where the suit is pending or is to be brought, and to have a copy made and served on the opposing party and due return made as in case of petitions in ordinary suits; from and after the date of such service any settlement, compromise, discontinuance, or other disposition made of such suit or claim by either the attorney or the client without the written consent of the other shall be null and void, and such suit or claim shall be continued and proceeded with as if no such settlement or discontinuance had been made.”
It is not here contended that the respondent judge should be recused because of his relationship to “an attorney appearing for a party in a cause”; the motion to recuse being based solely upon the ground that the attorney, so related to the judge and so appearing, has a direct, pecuniary interest in the judgment to be rendered. In other words, that, whilst not a party litigant upon the face of the record, he is a party in interest and may even become a party to the record by recording the written contract, if there be one, between him and the plaintiff. The law, as we have seen, declares that one of the causes for which a judge shall be recused is, “his being related to one of the parties, within the fourth degree;” and it may be said that the words “one of the par *399 ties,” as thus used, means one of the parties litigant; and that may be true, though the law does not so read; but, conceding it to be true, the reason -why the judge is to be recused in such case is that a party litigant is presumed to have a direct interest in the outcome of the litigation, and the lawmaker does not consider it proper that the relative in the fourth degree of a party having such interest should sit as judge in the matter. The party in interest, though not a party to the record, is even more surely within the meaning of the law than the party to the record who is without interest. And that is the view which the courts have generally taken in construing similar statutes. Thus the Supreme Oourt of Arkansas has said:
“While the Constitution speaks of a ‘party’ to the cause, we are of the opinion that, both upon sound reason and according to the weight of authority, the word should not be construed, in a technical and restricted sense, to mean a party to the record, but it should be held to mean any one who is pecuniarily interested directly in the result of the suit, although not a party to the record, and not necessarily bound by the judgment. Any other construction totally disregards the spirit, and defeats the purpose, of the constitutional prohibition; for if a judge may be influenced at all in his judgment by the fact that a person, who is directly interested in the result of the suit, is related to him, the potency of the influence is not lessened by the absence of the related party from the record. For a very thorough and convincing discussion of this question, see the following authorities: Roberts v. Roberts, 115 Ga. 259, 41 S. E. 616, 90 Am. St. Rep. 108; Crook v. Newborg, 124 Ala. 479, 27 South. 432, 82 Am. St. Rep. 190; Howell v. Budd, 91 Cal. 342, 27 Pac. 747; Moses v. Julian, 45 N. H. 52, 84 Am. Dec. 114. We are aware that the authorities are not entirely harmonious on this question, but we are satisfied, after a careful consideration, that the conclusion we have reached is in accord with sound reason and a majority of the adjudged cases.” Johnson v. State, 87 Ark. 45, 112 S. W. 143, 18 L. R. A. (N. S.) 619, 15 Ann. Cas. 531.
Construing section 170 of the California Code of Civil Procedure, which prohibits a judge from sitting or acting as such in any proceeding “where he is related to either party * * * by consanguinity or affinity within the third degree computed according to * * * law,” the Supreme Court of California (in the case of Howell v. Budd, cited above) has said:
“To hold that the word ‘party’, as used in section 170 of the Code of Civil Procedure, is confined to parties of record by name would be a construction so narrow as to find support neither in principle nor authority. * * * We conclude, therefore, that the word ‘party’, as used in section 170, is not confined to the parties to the record by name, but includes all persons represented by the parties to the record.”
The Alabama law (construed in Crook v. Newborg, supra) reads:
“No judge of any court, chancellor, county commissioner, or justice” of the peace “must sit in any cause * * * in which he is interested or related to either party within the fourth degree of consanguinity or affinity.” Code 1896, § 2637.
And it was held that:
“The purpose of the statute is to secure litigants a fair and impartial trial by an impartial and unbiased tribunal. Next in importance to the duty of rendering a righteous judgment is that of doing it in such manner as will beget no suspicion of the fairness or integrity of the judge. ‘The principle of disqualification is to have no technical or strict construction, but is to be broadly applied to all classes of cases where one is appointed to decide the rights of his fellow citizens. * * * Disqualifying statutes are not to be construed in a strict, technical sense, but broadly, with liberality. The term “party,” used to indicate persons to whom the judge is related and who are connected with the litigation, is not confined to parties of record’ [citing 12 Am. & Eng. Enc. of Law, p. 41, and notes 3 and 4, p. 42], These authorities are conclusive that the disqualification extends not only to the parties to the records, but that the judge is incompetent when related within the fourth degree to any person interested in the judgment or decree.”
In Mississippi, the statute reads:
“No judge of any court shall preside on the trial of any cause, where the parties or either of them shall be connected with him by affinity or consanguinity, or where he may be interested in the same, except by the consent of the judge and of the parties.” Const. 1890, § 165.
And the Supreme Court of that state has said:
“Every litigant is entitled to nothing less than the cold neutrality of an impartial judge, who must possess the disinterestedness of a total stranger to the interests of the parties involved in the litigation, whether that interest be re *401 vealed by an inspection of the record or developed by evidence aliunde the record. The real parties in interest furnish the reason for the judge to recuse himself, when it becomes known that they are related to the judge, although they may not be parties eo nomine.” Railroad Co. v. Kirk (Miss.) 58 South. 710, 42 L. R. A. (N. S.) 1172.
In view of what we conceive to be the purpose of our own statute and of the fact that plaintiff’s counsel are as directly, and perhaps as much, interested in the judgment to be rendered in this case as the plaintiff himself, and may in effect even make themselves parties of record, we are of opinion that the judge, being related to one of the counsel within the degrees specified in the statute, should be recused.
It is therefore adjudged and decreed that the alternative writ of prohibition herein issued be made peremptory; that the respondent judge be recused in the matter of J. N. White v. J. E. McClanahan, now pending in his court; and that he appoint a lawyer or judge to hear and determine said cause, as provided by Act No. 40 of 1880, § 2, or as agreed on by the litigants.