(64 South. 399.)

No. 20,401.

STILES v. BRUTON.

In re EDRINGTON.

(Feb. 2, 1914.)

*(Syllabus by the Court.)*

1. ATTORNEY AND CLIENT (§ 176*)—LIENS — CONTRACT—PRIVILEGE.

Under the terms of Act No. 124, 1906, p. 210, in addition to the privilege given to attorneys for their fees on judgments rendered in favor of their clients under Revised Statutes, § 2897, there is given to attorneys at law the right to enter into written contracts whereby they may acquire as their fee an interest in the subject-matter of the suit in which they are employed. White v. McClanahan, 133 La. 396, 63 South. 61.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 381 ; Dec. Dig. § 176.*]

2. ATTORNEY AND CLIENT (§ 190*)—INTEREST IN CAUSE OF ACTION—DISCONTINUANCE.

After such contract has been filed with the clerk of court, and a copy served upon defendant, any settlement, compromise, or discontinuance, or other disposition made of such suit by either the attorney or the client, without the written consent of the other, is null and void.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 412–417; Dec. Dig. § 190.*]

3. ATTORNEY AND CLIENT (§§ 184, 190*) — LIENS—SUBJECT-MATTER OF SUIT—SEIZURE BY CREDITOR.

Where a judgment creditor of a plaintiff in such suit causes the interest of that plaintiff to be seized and sold, only such interest as the plaintiff may have passes at such sale. The recorded interest of the attorney in the suit does not pass to the purchaser under the seizure. Such attorney at law has the right to prosecute the suit to judgment.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 388, 412–417; Dec. Dig. §§ 184, 190.*]

Suit by William Stiles against James Bruton. From dismissal, Prentice E. Edrington, Jr., applies for writs of certiorari and prohibition. Decree of prohibition directed to issue, and order decreeing dismissal reversed.

Prentice E. Edrington, Jr., of New Orleans, for applicant. C. A. Buchler, of New Orleans, for respondent.

SOMMERVILLE, J. [1, 2] Plaintiff, William Stiles, entered into a contract with P. E. Edrington, Jr., attorney at law, September 24, 1913, under Act No. 124, 1906, p. 210. That act provides, in addition to the privilege given to an attorney at law on the judgment, and property recovered by judgment, for his client, that he, the attorney, has the right to enter into a written contract to be signed by the client, by which—

"attorneys at law may acquire as their fee in such matter an interest in the subject-matter of the suit, proposed suit, or claim, in the prosecution or defense of which they are employed, whether such suit or claim be for money or for property, real, personal, or of any description whatever. And in such contract of employment, it shall be lawful to stipulate that neither the attorney nor the client shall have the right, without the written consent of the other, to settle, compromise, release, discontinue or otherwise dispose of such suit or claim."

This suit was filed September 26, 1913, and a contract under the above provision of law was entered into September 24, 1913, and filed with the clerk of court December 13, 1913. A copy thereof was served upon defendant on the same day; all in accordance with the terms of said Act No. 124, 1906, p. 210.

This contract shows that the interest of the attorney in the suit was 75 per cent. of whatever amount was recovered on said claim, by suit, compromise, or otherwise. The interest, therefore, of William Stiles, plaintiff, was 25 per cent. of what might be recovered by judgment.

All the right, title, and interest of William Stiles, as plaintiff in said suit, was seized under a writ of fieri facias issued from the First Justice of the Peace Court for the parish of Jefferson, November 21, 1913, and on December 13, 1913, after the contract between plaintiff and his attorney had been filed in the clerk's office, and a copy thereof had been served on the defendant, the constable sold all the right, title, and interest of Stiles in and to this suit to C. A. Buchler, the attorney of defendant, James Bruton. Thereupon C. A. Buchler moved the court that plaintiff, William Stiles, show cause why he (Buchler) should not be made party plaintiff in his place, and the motion was made absolute, without notice to Edrington, the owner of 75 per cent. of the claim. Thereupon Buchler, as plaintiff, moved to dismiss the cause, and it was so ordered.

Prentice E. Edrington, Jr., under the contract by which he had become the owner of 75 per cent. of whatever judgment might be recovered in this suit, then moved the court, after notice to James Bruton, defendant, and Conrad A. Buchler, to recall and reverse the judgment dismissing said suit, and asked that it be reinstated so far as it affects him, Prentice E. Edrington, Jr., attorney. This rule was discharged, and Prentice E. Edrington, Jr., now asks for writs of certiorari and prohibition, directed to the judge of the Twenty-Eighth judicial district court.

[3] The only thing which was seized by the constable under the writ of fieri facias was the right, title, and interest of William Stiles, plaintiff, in this suit, and that was what was sold to Conrad A. Buchler. The latter, therefore, acquired the interest of Mr. Stiles, plaintiff in the suit, and he could not, as plaintiff, move to discontinue the suit, as Stiles had stipulated in writing with P. E. Edrington, Jr., attorney, that the suit would not be discontinued, without the consent of the latter, under the terms of Act No. 124, 1906, p. 210, quoted before; and the court was therefore without authority to order the dismissal.

The interest of Prentice E. Edrington, Jr., in this suit appearing of record, must be recognized to its fullest extent. White v. McClanahan, 133 La. 396, 63 South. 61.

It is therefore ordered, adjudged, and decreed that a writ of prohibition issue herein directed to John E. Fleury, judge ad hoc of the Twenty-Eighth judicial district court for the parish of Jefferson, prohibiting him from ordering the dismissal of the suit entitled William Stiles v. James Bruton, No. 1831, on the docket of said court, and that the order of December 20, 1913, decreeing that this suit be dismissed at plaintiff's costs, be annulled, avoided, and reversed. Respondent to pay costs of this court.

PROVOSTY, J., being absent on account of illness, takes no part.