MONROE, C. J.
The relatrix (Mrs. Clavijo) is one of the seven children and heirs of the decedent, N. G. Carbajal, and her core-Jatrix, Mrs. Rosa L. Martin, is her mother, widow by first marriage of N. G. Carbajal, and by second marriage of Francis Martin.
Mrs. Clavijo, it appears, entered into a written contract with Messrs. Sanders, Brian & Sanders, members of the bar, whereby it was agreed that they should bring suit, in her behalf and against her mother, to annul her father’s will, and that they should receive, as their compensation, 15 per cent, of the money or property that might be so recovered, whether under a final judgment or by compromise agreement; and the suit was brought accordingly (in the civil district court), and after certain exceptions had been disposed of an answer was filed. Shortly thereafter Mrs. Clavijo c,ailed at the office of her counsel and requested that the suit be discontinued, but she was informed that nothing would be done in the matter until she brought her husband to ratify her instructions, or until the counsel received further evidence that he had ratified them. On the next morning, at about 10:45 o’clock, the counsel filed in the civil district court then-original contract of employment, and while that was being done a messenger arrived at their office with a letter of ratification from Mr. Clavijo, which letter the messenger declined to leave with the stenographer, whom he found in the office, but, leaving a copy, returned with the original at 11:25 o’clock. The counsel, however, declined to discontinue the suit (on the ground that they had an interest which entitled them to prosecute it), and upon the following day Mrs. Clavijo filed *484 a petition in court, announcing her abandonment thereof, and presented to the trial judge the form of an order for the dismissal of the same, which the judge refused to sign. The defendant, Mrs. Martin, then filed a motion in the suit, setting forth that it had been abandoned, and praying that it he dismissed, whereupon the judge ordered that a rule issue requiring plaintiff’s counsel to show cause why such an order should not be made; but, after hearing, the.rule was discharged, and Mrs. Clavijo and Mrs. Martin then presented to this court the application for certiorari and prohibition which we are now considering.
[1,2] We may start with the proposition that, prior to the passage of Act No. 124 of 1906, a contract for a contingent fee gave an attorney no interest in the subject-matter of the litigation to which the contract might relate, but entitled him only to a privilege upon the judgment, if and when obtained, and that, notwithstanding such contract, it was within the power of the client to discontinue the suit at will, leaving to the attorney his right of action on quantum meruit for services rendered. Rev. St. § 2897; Louque v. Dejan, 129 La. 526, 56 South. 427, 38 L. R. A. (N. S.) 389; Gurley v. City of New Orleans, 41 La. Ann. 75, 5 South. 659; In fact, until that act was passed, a contract between an attorney and client, whereby the former was to ■ receive as compensation for his services “any portion of the land or any other property * * * in dispute or sued for” was
“null and void to all intents and purposes,” according to the express language of the act of 1808 (Mazureau & Hennen v. Morgan, 25 La. Ann. 281), though in Flower v. O’Conner, 7 La. 207, a distinction was drawn between a portion of, or interest in, the property sued for, and a convmission on the amount sued for, and that distinction has since been recognized. Martinez v. Succession of Vives, 32 La. Ann. 308; Andirac v. Richardson, 125 La. 883, 51 South. 1024. The act of 1906 (page 210) reads as follows:
“Be it enacted * * * that section 2897 of the Revised Statutes of 1870 be amended and re-enacted so as to read as follows:
“In addition to the privileges enumerated in title twenty-first of the Civil Code, * * *
a special privilege is hereby granted to attorneys at law for the amount of their professional fees on all judgments obtained by them, and on the property recovered by said judgment, either as plaintiff or defendant, to take rank as a first privilege thereon.
“Provided, that, by written contract, signed by the client, attorneys at law may acquire as their fee in such matter an interest in the subject-matter of the suit, proposed suit or claim, in the prosecution or defense of which they are employed, whether such suit or claim be for money or for property, real, personal or of any description whatever.
“And in such contract of employment, it shall be lawful to stipulate that neither the attorney nor the client shall have the right, without the written consent of the other, to settle, compromise, release, discontinue or otherwise dispose of such suit or claim.
“Either party to said contract shall have the right at any time to file same with the clerk of the district court where the suit is pending or is to be brought, and to have a copy made and served on the opposing party and due returns made as in ease of petitions in ordinary suits; from and after the date of such service, any settlement, compromise, discontinuance or other disposition made of such suit or claim by either the attorney or the client without the written consent of the other, shall be null and void, and such suit or claim shall be continued and proceeded with as if no such settlement or discontinuance had been made.”
It will be seen, then, that the only method which the statute thus quoted provides, whereby the plaintiff in a suit can be prevented from exercising the right, which he previously possessed, of compromising and discontinuing the same, is the insertion in the written contract of employment, between him and his attorney, of a stipulation to that effect, and that even such stipulation will not necessarily be binding on the defendant,, unless the contract with the stipulation in it is served upon him as provided by the statute.
There is no such stipulation in the contract here relied on, and it will not do to say, merely because the statute confers upon the *486 attorney the right to acquire an interest in the subject-matter of the suit, brought or to be brought by him, that the contract of itself gives him the right to prevent the compromise or discontinuance of such suit by his client. The argument to that effect would be stronger if the statute did not contain the provision authorizing a stipulation on that subject to be written into the contract, though even then it could hardly be sustained, for the attorney, who is to receive a commission on the amount recovered, and who is accorded a privilege upon the judgment that he may obtain, unquestionably has an interest, of a sort, in the prosecution of the suit, and yet it is well settled that his client may discontinue the suit, and thus defeat both the recovery and the privilege; and so an intervenes may be the only litigant who has a real interest in the subject-matter of the litigation, and yet the suit may be discontinued by the plaintiff.
The statute in question is to be construed, like any other statute, as a whole, and, construing all of its parts together, it is evident that if the lawmaker, in conferring upon an attorney the right to acquire an interest in the subject-matter of the suit that he is employed to bring, intended that the grant should carry with it the devestiture of the right of the client to compromise, discontinue, etc., the provision for stipulation on that subject is mere surplusage.
But we cannot assume that a statute is incumbered with language of apparent importance which means nothing. The first paragraph of the proviso is complete in itself, to the extent that it makes lawful that which was before unlawful; so that an attorney, who recovers property under a written contract whereby he is to receive a portion thereof as his compensation, may also recover his compensation. But, as though to guard against the inference which the counsel here made respondents seek to draw, that an interest in the subject-matter of the suit necessarily includes the right to keep the suit in court, against the wishes of the litigant, the second paragraph deals with that question as a separate proposition, and declares that “it shall be lawful to stipulate” to that effect; and the third paragraph goes a step farther, and provides that such stipulation may be made binding upon an opposing litigant by service upon him of the contract containing the stipulation so authorized. To dislocate the proviso, and give effect to the one paragraph, without reference to the others, would violate the accepted canons of construction, and is legally impossible.
It is therefore ordered that the respondent judge and counsel be prohibited from further proceeding in the matter of Mrs. Juanita Carbajal Clavijo v. Succession of N. G. Carbajal, No. 65760 of the docket of the civil district court, and from further impeding the plaintiff therein in discontinuing the same.