SOMMERYILLE, J.
John D. Nix, Jr., an attorney at law, has herein sued the instituted heirs and legatees of the late Maurice John Rice to be recognized as one of the heirs of Maurice J. Rice and sent into pos *835 session as such under a contract of employment entered into between him and William E. Rice, one of the heirs of Maurice J. Rice.
The succession was opened in the civil district ’ court for the parish of Orleans under the above number. The basis of the cause of action is the agreement referred to, which is made part of plaintiff’s petition, and is as follows:
“New Orleans, La., October 18, 1917.
“Contract entered into this day between John D. Nix, Jr., and William E. Rice: Whereas, John D. Nix, Jr., at the request of William E. Rice, filed opposition to the petition to probate a purported last will and testament of the late Maurice J. Rice, presented to Porter Parker, judge of division D of the civil district court, this city, by William O’Hara: Now, therefore, it is agreed and understood that the said John D. Nix, Jr., is to handle the opposition to a final conclusion, and the said Nix is to advance all costs in the matter and receive as his fee one-half of any and all sums or property over and above what William E. Rice would take under the purported last will of the late Maurice J. Rice.
“Signed in duplicate on the day and date first above' written in the presence of the undersigned witnesses.
“[Original Signed] William E. Rice.
“John D. Nix, Jr.
“Witnesses:
“George M. Galleher.”
Petitioner further averred that he had, under said agreement, filed an opposition to the admission to probate of the will of Maurice John Rice on several grounds, showing the nullity of the will; that, after having so acted, he received a letter from William E. Rice, dated November 2, 1917, asserting that he (William E. Rice) would no longer oppose the will of his brother, coupled with the request that the opposition to its admission to probate be withdrawn; that he (Nix) answered that he had a vested interest under the contract hereinbefore copied, and that he would not withdraw opposition to the will; that on November 3, 1917, William E. Rice, in propria personse, withdrew the opposition which had been theretofore filed in the succession of his brother, Maurice John Rice; that on that same day the will of Maurice J. Rice was admitted to probate, ordered executed, and the executor thereof was appointed to act; that he had under this contract of employment acquired an undivided vested interest in the property of the succession; that William E. Rice had sold, transferred, and assigned to petitioner an undivided half interest of his interest in the estate; and, he having registered the said acquisition in the conveyance office, that the action of William E. Rice in dismissing the opposition should in no manner affect the right of petitioner to attack, individually, the legality of the document as a will, and to seek the annulment, cancellation, and revocation of its probate.
Petitioner Nix thereupon, in his petition, attacked the validity of the proceedings of November 3d, admitting the will Of Maurice John Rice to probate on various grounds. He also attacked the validity of the will on the several grounds set forth in the opposition filed by him on behalf of William E. Rice. He then asked that all of the instituted heirs be cited and made parties to the suit; that the validity of his contract with William E. Rice be enforced as a contract of employment, sale, assignment, and transfer; that the pretended will of Maurice J. Rice, dated March 24, 1917, in olographic form, be decreed null and void and of no effect, and the probate thereof on November 3, 1917, be revoked, set aside, and canceled, and that all further proceedings thereunder be set aside; and that petitioner, as vendee, assignee, and transferee of William E. Rice, Mrs. Mary T. Cosgrove, wife of Dr. Joseph A. O’Hara, Mrs. Widow Ella Sullivan West, and William E. Rice be recognized as the sole and only heirs of the deceased, and as such be put in possession, after due administration, in the proportions provided by *837 law, of all the property left by the deceased, real, personal, and mixed.
All of the heirs, of Maurice John Rice appeared and filed exceptions of no right or cause of action, which exceptions were sustained. The suit was dismissed, and plaintiff has appealed from said judgment of dismissal.
The contract of employment entered into between Nix and William E. Rice was simply one of employment, wherein Nix was to represent Rice in the proceedings mentioned in that contract in the matter and manner therein agreed upon.
[1] Under Act No. 124 of 1906, p. 210, Nix was given a privilege upon the judgment which might be obtained by him in said suit, and by which he acquired as his fee an interest in the subject-matter of the suit; but William E. Rice could not, and did not in said contract, institute or constitute plaintiff an heir of Maurice J. Rice, and Nix has no cause of action, in a suit to have himself declared to be such heir.
The original suit brought by Nix for William E. Rice, and which William E. Rice, in his own person, discontinued, was the only suit authorized to be brought by Nix. William E. Rice had the right to discontinue the suit brought without the consent of Nix so to do.
[2] It might have been agreed and stipulated between the parties, under Act 124 of 1906, that neither the attorney nor the client should have the right, without the consent of the other, to compromise, release, discontinue, or otherwise dispose of such suit or demand. But there is no such stipulation in the contract, and William E. Rice was at liberty to discontinue the suit. Succession of Carbajal, 139 La. 481, 71 South. 774.
As the petition does not allege that it was agreed that neither the attorney nor the client should have' the right, without the written consent of the other, to discontinue the suit, and the contract forming a part of the petition shows that no such agreement was entered into, the petition of Nix does not disclose a cause of action to have the proceedings in the succession of Maurice J. Rie'e declared null and void, to have the petition first filed by him reinstated, and to have him declared to be one of the heirs of Maurice J. Rice.
The judgment appealed from is affirmed.