(100 South. 425)

No. 24239.

## LIVERMAN et al. v. HUNGERBEELER.

(April 30, 1924.)

*(Syllabus by Editorial Staff.)*

Attorney and client ⬅144—Contract for half interest as compensation for obtaining patent to state lands construed.

Where attorneys were to have half interest in certain described property for their services in securing defendant a patent therefor, the half interest extended to lands not specifically described in the contract; defendant having acquiesced in settlement on that basis and accepted property and benefit of plaintiffs' labors.

Appeal from Twelfth Judicial District Court, Parish of De Soto; John H. Boone, Judge.

Action by H. T. Liverman and another against George Hungerbeeler. Judgment for plaintiffs, and defendant appeals. Amended and affirmed.

Lee & Bell and C. B. Huson, all of Mansfield, for appellant.

W. M. Pollock, of Mansfield, for appellees.

By Division B, composed of Justices DAWKINS, LAND, and LECHE.

DAWKINS, J. Plaintiffs allege that they are the owners of an undivided one-half of certain real property situated in the parish of De Soto, as well as the timber and improvements thereon; that they acquired said interest by virtue of a contract made between one of them, W. M. Pollock, and defendant, dated February 9, 1911, which reads as follows:

"Know all men by these presents: That this contract and agreement, made and entered into by and between George Hungerbeeler, husband of Anna Lafitte, a resident of De Soto parish, Louisiana, on the one hand and hereinafter referred to as the party of the first part, and W. M. Pollock, a resident of De Soto parish, Louisiana, on the other hand and hereinafter referred to as the party of the second part, witnesseth:

"That in and for the professional services rendered and to be rendered, and the further consideration hereinafter mentioned and set forth, have granted, bargained and sold, and by these presents do grant, bargain, sell, convey and deliver unto and in favor of the party of the second part, an undivided one-half ($\frac{1}{2}$) interest in and to all my rights, title, claim and interest in and to the south half (S. $\frac{1}{2}$) of southeast quarter (S. E. $\frac{1}{4}$) of section twenty-three (23), and north half (N. $\frac{1}{2}$) of northeast quarter (N. E. $\frac{1}{4}$) and fractional northwest quarter (N. W. $\frac{1}{4}$) of section twenty-six (26),

and north half (N. ½) of northeast quarter (N. E. ¼) of section twenty-seven (27), township thirteen (13) north of range twelve (12) west of the Louisiana meridian, in De Soto parish, Louisiana, containing in the aggregate three hundred and twenty (320) acres, more or less.

"To have and to hold an undivided one-half (½) interest in and to the above-described lands to the said purchaser, the said party of the second part, his heirs and assigns forever.

"It is understood that the aforesaid described lands are dried lake lands, the title to which is now vested in the state of Louisiana, and that the said party of the first part has made entry or declaration No. 161 for the purchase, as provided by law, of said lands, and up to this time there has been no official survey of said described property, nor has the said party of the first part submitted his full and final proof of actual residence, settlement and cultivation as provided by law to the register of the state land office at Baton Rouge, Louisiana, and has therefore induced the said party of the second part to assist in securing patent to the aforesaid described property, which he is entitled to in equity and law to a patent to said land.

"The purpose and intent of this instrument is to sell and convey to the said party of the second part an undivided one-half (½) interest of all the interests, claim, right, and title of the said party of the first part now or may have or will have after securing of patent to the said party of the first part, and the said party of the second part and will prosecute and diligently endeavor to recover and secure a patent or patents from the state of Louisiana by such methods or in such manner, amicably or by litigation, as he thinks best and deems advisable, at his own cost and expense, and in the event that patent is given to the said party of the first part, then and in that event this instrument is to become effective as a deed to an undivided one-half (½) interest in and to the property hereinabove described and set forth."

"It is further understood and agreed by and between both parties hereto that in the event said property can be used or handled in such way, manner or shape as to produce any revenue, before patent is issued to said property, then and in that event the said party of the second part is to receive and derive an undivided one-half (½) interest in and to all said moneys, rents, etc.

"Witness our hands, in the presence of the two witnesses good and competent witnesses, on this the 9th day of January, A. D. 1914."

It is further alleged that the interest of the other plaintiff arises from the fact that he is the law partner of Pollock and the contract was one for professional services. Further that, acting thereunder, petitioners exerted their best efforts to perfect the titles as agreed, but that the claims of defendant conflicted with those of other persons, and that petitioners obtained a relinquishment from said other claimants which enable them to cure and obtain title to a portion of said property; that they have spent more than $800 in paying the purchase price to the state, and otherwise in perfecting said title. Further, that, because of said conflicts, petitioners were only able to obtain, and did obtain, patent to lots 4 and 10 of section 26, and lot 8 of section 27, in township 13 north. range 11 west, Louisiana meridian, containing 167.18 acres, with the improvements thereon, and, notwithstanding defendant willingly agreed to said compromise and settlement, he has failed and refused to record the patent to said lands; that defendant has also failed and refused to carry out his contract and agreement with petitioners by conveying to them an undivided one-half interest therein.

Petitioners further allege that defendant has, without right, cut and removed from said land timber to the value of $1,000, one-half of the proceeds of which they claim, and that otherwise they are entitled to one-half of the revenues of said property, beginning with the year 1914, which amount to more than $500 per year; that their said contract should be specifically enforced, their interest in said property recognized, and a partition by licitation decreed.

Defendant's answer was, in effect, a general denial, but in the alternative, if plaintiffs had any interest in said property, it consisted only of a one-half interest in the minerals in and under said lands, because the contract was subsequently modified so as to restrict it to those rights. He prayed that plaintiffs' demands be rejected, except as to the interest in the minerals.

There was judgment for plaintiffs, recognizing them as owners of a one-half interest in the land with improvements as prayed for, ordering defendant to make title accordingly, or in default thereof, after a period of 30 days, the decree to stand in lieu of formal deed.

Defendant appealed, and plaintiffs have answered, praying that the judgment be amended so as to give the relief originally demanded.

There is no serious dispute as to the facts. Defendant employed plaintiffs professionally as attorneys at law, as per the contract hereinabove quoted, to procure patent to certain described lands, amounting to 320 acres more or less; but it developed that the former could not be permitted legally to receive title from the state to more than 160 acres. Defendant's claim conflicted with those of other persons, and finally, after protracted negotiation, the rights of the respective parties were agreed upon, and defendant, as a result of the efforts of plaintiffs, including certain legislation which they were instrumental in having enacted, now has patent to the property involved. It so happened that a portion of the land which he received (lot 8) consisting of lots or parts of irregular sections, extended down into a quarter section which was not specifically described in the contract of employment, and this is the real bone of contention in the case—i. e., as to whether, under these circumstances plaintiffs should be held to have an interest in that part.

We think that, although there were described in the contract certain specific subdivisions, it clearly appears that the purpose and object of the agreement was that plaintiffs should endeavor to secure for defendant title to such of the property as it might be possible to do, and that they should have a half interest in whatever was recovered. It was clearly stated in the contract that there had been no survey, and further that—

"The purpose and intent of this instrument is to sell and convey to the said party of the second part *an undivided one-half (½) interest of all the interests, claims, right and title of the said party of the first part now has or may have or will have after securing of patent to the said party of the first part,* and the said party of the second part shall and will prosecute and diligently endeavor to recover and secure a patent or patents from the state of Louisiana by such methods or in such manner, amicably or by litigation, as he thinks best and deems advisable, at his own cost and expense, and in the event that patent is given to the said party of the first part, then and in that event this instrument is to become effective as a deed to an undivided one-half (½) interest in and to the property hereinabove described and set forth."

What was obtained was undoubtedly due to plaintiffs' efforts, and defendant is hardly in a position to dispute their right to recover an interest in the lands, even if not specifically described in the contract, after fully acquiescing in the settlement, accepting the property and the benefits of their labors. The proceeds of a mineral lease upon the property were divided equally between plaintiffs and defendant, and the latter at that time raised no question as to plaintiffs' right thereto. In other words, the parties have thus construed and interpreted the agreement as being one for the recovery of title to such of the property as might be had, and this is the best index to their intention. R. C. 1956, 1957; Abadie v. Lee Lumber Co., 128 La. 1014, 55 South. 658; Bender v. Chew, 129 La. 849, 56 South. 1023; Metcalfe v. Green, 140 La. 950, 74 South. 261.

We are of the opinion, therefore, that the conclusion of the lower court upon the question of title was correct. However, the evidence to support the claim for rents and revenues is not sufficient to enable us to fix with certainty the amount thereof, and the same will be dismissed as in case of nonsuit.

For the reasons assigned, the judgment appealed from is amended by dismissing, as in case of nonsuit, all claims for a money judgment on the part of plaintiff; otherwise it is affirmed with costs.