29 So.2d 167

**TENNANT v. RUSSELL et al.**

**No. 38359.**

Dec. 13, 1946.

Rehearing Denied Jan. 13, 1947.

Porteous & Johnson, of New Orleans, for relator.

Charles J. Rivet, of New Orleans, for respondent.

FOURNET, Justice.

Samuel J. Tennant, Jr., in an action instituted against Sidney L. Russell and his wife, Mrs. Katherine O'Hara Russell, to recover his claim against the community existing between them under Mrs. Russell's contract employing him to set aside the act partitioning the community effects following her legal separation from her husband, obtained a preliminary injunction restraining Sidney L. Russell from disposing of or concealing any of the community effects pending a determination of the matter

and a judgment ordering that an inventory be taken of the property belonging to the community. When Russell was refused a suspensive appeal from these rulings he applied for and was granted a writ of certiorari with an alternative writ of mandamus to compel the district judge to grant such an appeal and, upon his supplemental petition, an order staying the proceedings in the lower court "in so far as the taking of an inventory of the personal effects of the relator is concerned" until the matter is finally decided in this court.

Mrs. Russell who, on April 18, 1946, entered into an amicable settlement partitioning the community effects following her legal separation from the relator, contracted with the respondent, Samuel J. Tennant, Jr., an attorney of the New Orleans Bar, on July 23, 1946, to have such partition annulled and set aside, Tennant's compensation to be a 1/4th of any amount recovered for Mrs. Russell above that received by her in the partition and to include new secured notes or other cash or property procured by him in lieu of 8 unsecured promissory notes received by her as a part of her settlement under the partition proceedings. Tennant filed proceedings against Russell under this contract to set aside the partition of the community effects and, pending a determination of the matter, asked for and obtained temporary orders restraining him from disposing of these effects. On the day set for the trial of the rule to show cause why a preliminary injunction should not issue against Russell, Mrs. Russell appeared in court and by motion made Walter B. Hamlin, another attorney of the New Orleans Bar, her attorney of record. Hamlin then filed a motion on her behalf asking that the suit instituted by Tennant be dismissed. The judge refused to grant the motion on the ground that Tennant was claiming an interest in the matter under his contract with Mrs. Russell. Both Mr. and Mrs. Russell then appeared in court through their respective attorneys and ruled Tennant to show cause why the suit should not be dismissed. Without waiting for a trial of this rule, Tennant instituted the present suit against Russell, making Mrs. Russell a party, seeking to recover the interest in the community allegedly acquired by him under his contract of employment with Mrs. Russell and, pending a disposition thereof, obtained a temporary restraining order to prevent any dissipation or concealment of any of these effects as well as a rule to show cause why a temporary injunction should not issue and one to show cause why an inventory should not be taken of all of the property belonging to the community of acquets and gains existing between Mr. and Mrs. Russell.

Russell filed exceptions of no cause and no right of action to the plaintiff's petition and asked that the temporary restraining order issued be recalled and rescinded, contending that no privity of contract existed between him and Tennant, Russell not being a party to the contract entered into between Tennant and Mrs. Russell and that whatever rights Tennant has are against

Mrs. Russell alone. Mrs. Russell excepted to the petition on the ground of vagueness and also on the ground that it disclosed neither a cause nor a right of action. When the trial judge overruled these exceptions and, on the merits, ordered that the preliminary injunction issue and that the inventory of the community effects be taken, Russell moved for a suspensive appeal from such ruling and upon the judge's refusal to grant him such an appeal, applied to this court for and was granted a writ of certiorari and an alternative writ of mandamus to compel the district judge to grant the suspensive appeal.

Section 5 of Act 29 of 1924, regulating and controlling injunction proceedings, provides that a devolutive appeal and not a suspensive appeal may be taken as a matter of right from a decree granting or refusing to grant a preliminary injunction with the proviso that if the procedure set out in the act is followed the trial judge may, in his discretion, "allow to any party enjoined a suspensive appeal from any order granting a preliminary injunction," with the further discretion of staying the proceedings until the appeal has been decided "upon the party appealing giving bond with surety or sureties, in such sum as the court may fix as sufficient for the protection of the opposite party." This section also contains the further provision that if the suspensive appeal be refused by the lower court, then the "Appellate Court having jurisdiction, or any judge thereof, may, in like circumstances and under like conditions, allow the same in aid of its appellate jurisdiction."

In this case, however, the relator is not seeking to have us grant him a suspensive appeal. He is, rather, seeking to have us compel the district judge to grant him such an appeal. The question that is presented for our determination, therefore, is whether or not the trial judge abused the discretionary power vested in him in refusing to grant the suspensive appeal sought by the relator. Blanchard v. Haber, 163 La. 627, 112 So. 509.

In response to the rule to show cause why a suspensive appeal should not be granted the relator the respondent judge advises: "After full hearing on the rule nisi, I concluded that plaintiff had acquired a vested interest in property wholly under the control of the relator, and that plaintiff's only hope of establishing and protecting his interest lay not only in a disclosure of the nature and character of such property, but in preventing concealment or disposition of the property, and that denial of the preliminary injunction would inevitably result in irreparable loss to the plaintiff. The case appeared to me to present a situation falling within the terms of Article 298 of the Code of Practice, under which an injunction is a matter of right. Had I granted a suspensive appeal from the decree of preliminary injunction, I would have denied a right accorded to the plaintiff by law and would have deprived him of all means to

establish his case on the merits. I therefore, denied the suspensive appeal."

It was pointed out in Succession of Carbajal, 139 La. 481, 71 So. 774, 775, that "* * * prior to the passage of Act No. 124 of 1906, a contract for a contingent fee gave an attorney no interest in the subject-matter of the litigation to which the contract might relate, but entitled him only to a privilege upon the judgment, if and when obtained, and that, notwithstanding such contract, it was within the power of the client to discontinue the suit at will, leaving to the attorney his right of action on quantum meruit for services rendered." After quoting Act 124 of 1906 in full the court then remarked: "It will be seen, then, that *the only method which the statute thus quoted provides, whereby the plaintiff in a suit can be prevented from exercising the right,* which he previously possessed, *of ·compromising and discontinuing the same, is the insertion in the written contract of employment, between him and his attorney, of a stipulation to that effect, and that even such stipulation will not necessarily be binding on the defendant, unless the contract with the stipulation in it is served upon him as provided by the statute,"* concluding that inasmuch as the contract of employment in that case failed to contain the stipulation preventing the compromise or discontinuance of the suit by the attorney's client, he had a right to dismiss the case. (Italics ours.)

Unquestionably, therefore, Mrs. Russell had a right to dismiss the suit filed on her behalf by Tennant since in the contract employing Tennant for this purpose there is contained no stipulation that his client did not have a right without his written consent to settle, compromise, release, discontinue, or otherwise dispose of the suit authorized by the contract of employment. The only stipulation in that respect is that Tennant could not make any settlement without Mrs. Russell's written consent. Consequently, this disposed of the suit she had authorized Tennant to file.

This brings up for our consideration Tennant's rights under the contract, that is, whether or not he was by the contract vested with such an interest in the community effects of Mr. and Mrs. Russell as to authorize him to proceed against Russell as he did, for this court is not justified in either granting the appeal or commanding the trial judge to grant it in this case unless from the record as made up it clearly appears that Tennant is not entitled to the relief obtained by him in the decree complained of. Blanchard v. Haber, 163 La. 627, 112 So. 509.

It is the relator's contention that in so far as Tennant's rights are concerned, the holding of this court in Succession of Rice, 147 La. 834, 86 So. 282, 283, is controlling. In that case John D. Nix, Jr., an attorney at law, was employed under a written contract by William E. Rice to oppose the last will and testament of Maurice J. Rice, his brother, Nix to receive as his fee a half of the property over and above the amount

that his client would take under the purported last will. After Nix had filed the opposition he received a letter from his client advising that he would no longer oppose the will of his brother and requesting that such opposition as had been filed be withdrawn. This request was refused by Nix and his client then, in proper person, withdrew the opposition. Nix instituted suit, alleging his acquisition of an interest in the succession under the contract which had been registered in the conveyance office, and that the action of his client "in dismissing the opposition should in no manner affect the right of petitioner to attack, individually, the legality of the document as a will, and to seek the annulment, cancellation, and revocation of its probate." He prayed accordingly. Nix appealed from the judgment dismissing his suit on exceptions of no cause and no right of action filed by the heirs. In affirming this judgment the court said: "The contract of employment entered into between Nix and William E. Rice was simply one of employment, wherein Nix was to represent Rice in the proceedings mentioned in that contract in the matter and manner therein agreed upon. * * * The original suit brought by Nix for William E. Rice, and which William E. Rice, in his own person, discontinued, was the only suit authorized to be brought by Nix. William E. Rice had the right to discontinue the suit brought without the consent of Nix so to do. * * * *As the petition does not allege that it was agreed that neither the attorney nor the client*

*should have the right, without the written consent of the other, to discontinue the suit,* and the contract forming a part of the petition shows that no such agreement was entered into, *the petition of Nix does not disclose a cause of action to have the proceedings in the succession of Maurice J. Rice declared null and void * * *.*" (Italics ours.)

It is Tennant's contention that, unlike the Nix case, Mrs. Russell in her contract with him did transfer to and vest in him a 1/4th interest in her claim and that he is, therefore, an owner of the property of the community in common with Mrs. Russell and her husband and entitled to invoke all available remedies to protect that interest and procure a division thereof. To sustain this contention he relies on the cases of Martinez v. Succession of Vives, 32 La. Ann. 305; White v. McClanahan, 133 La. 396, 63 So. 61, 47 L.R.A.,N.S., 448; Stiles v. Bruton, 134 La. 523, 64 So. 399; McClung v. Atlas Oil Co., 148 La. 674, 87 So. 515; Liverman v. Hungerbeeler, 156 La. 279, 100 So. 425; United Gas Public Service Co. v. Christian, 186 La. 689, 173 So. 174; and Succession of Jones, 193 La. 360, 190 So. 581.

We think the respondent is in error in his contention for a review of these cases will not only show that they do not support his view but will also disclose that they are not at variance with the holdings in the Carbajal and Rice cases. The holdings in both of these cases are in accordance, we

think, with the legislature's object in adopting the act of 1906, and, Tennant having failed to follow the express requirements of the act in protecting the interest claimed to have been acquired by him in the subject matter forming the motive for the contract of employment by stipulating therein that neither he nor his client "shall have the right, without the written consent of the other, to settle, compromise, release, discontinue or otherwise dispose of such suit or claim," his client, Mrs. Russell, as the plaintiff in the action he was authorized to bring under the contract, had, in accordance with our jurisprudence, the right to terminate, settle, dismiss, or otherwise dispose of the same.

The fact that in the contract whereby Mrs. Russell employed the services of Tennant it is declared that such contract is irrevocable and that Tennant "is hereby vested with a one fourth interest in my (Mrs. Russell's) claim" adds nothing to a contract that was executed without full compliance with the formalities required in the act, particularly when there is no stipulation contained in the contract limiting his client's otherwise ever-existing right to settle, compromise, dismiss, or otherwise dispose of her suit, and when this was accomplished by her, Tennant's right to proceed with his suit to set aside the settlement of the community of acquets and gains formerly existing between Mr.

and Mrs. Russell by notarial act valid on its face was, of necessity, terminated.

We therefore conclude that the learned trial judge is in error in his conclusion with respect to the rights of Tennant, and, necessarily, a suspensive appeal should have been granted Mr. Russell from the judgment complained of.

For the reasons assigned, the rule nisi issued by this court and directed to the Honorable Paul E. Chasez, Judge of Division "A" of the Civil District Court for the Parish of Orleans, is now made peremptory, and, accordingly, it is ordered that the judge grant to the relator, Sidney L. Russell, a suspensive appeal from the judgment dated October 7, 1946, ordering the issuance of a preliminary injunction and the taking of an inventory of all of the property belonging to the community of acquets and gains existing between Mrs. Katherine O'Hara Russell and her husband, Sidney L. Russell, upon his furnishing bond for such sum as the judge may fix and according to law. All costs in these proceedings are to be paid by the respondent, Samuel J. Tennant, Jr., all other costs are to await the final determination of this matter.

O'NEILL, C. J., concurs in the decree ordering the judge to grant a suspensive appeal but not in the expressing of an opinion on the merits before the court has heard the appeal.