BAILES, Judge.
This is an appeal from the judgment of the trial court denying plaintiff’s motion to set aside a previously rendered judgment of dismissal of this suit. The judgment appealed from is correct and we affirm.
On July 17, 1970, plaintiff, through his attorney, Ronald S. Ruiz, filed a suit against the defendants in which he sought to recover damages allegedly due him as the result of an automobile accident. For reasons not shown in this record, plaintiff discharged his attorney some time prior to September 30, 1970, for on September 30, 1970, the plaintiff, in proper person, presented to the trial court a motion to dismiss this action without prejudice and the same date a judgment of dismissal was duly signed.
*112 On October 30, 1970, plaintiff, through attorney Ronald S. Ruiz, filed a motion in the trial court seeking the reinstatement of this suit on the ground that the plaintiff did not in fact sign the motion seeking dismissal of this action. The trial court, by rule nisi, ordered all parties to show cause on November 13, 1970, why the judgment of dismissal should not be set aside.
After hearing testimony of plaintiff and Mr. James S. Quinlivan, who apparently was plaintiffs attorney at the time the judgment of dismissal was signed, the trial court found as a fact that plaintiff did sign the motion for the judgment of dismissal, and accordingly, denied the plaintiffs motion for reinstatement of the suit.
* * * *
On this appeal, plaintiff has abandoned the position he took in the trial court that he did not sign the motion for dismissal of this suit, and has now assigned as a single specification of error that the “Honorable Court below erred in failing to apply Revised Statue (sic) 37:218, when it granted the motion to dismiss filed and rendered on September 30, 1970.”
What the plaintiff is alluding to is a contract of employment entered into between plaintiff and his attorney, Ronald S. Ruiz, copy of which is attached to the plaintiffs petition which initiated this proceeding.
The part of the employment contract, which provides for payment of a certain fee contingent upon recovery, pertinent to the plaintiffs assigned specification of error is the following:
“I hereby further authorize Ronald Steele Ruiz to enter into any contract of compromise or settlement which he may deem proper, provided neither party can settle without the written consent of the other.”
LSA-R.S. 37:218, as amended, is here quoted:
“By written contracts signed by the client, attorneys at law may acquire as their fee an interest in the subject matter of the suit, proposed suit, or claim in the prosecution or defense of which they are employed, whether the suit or claim be for money or for property. In such a contract for employment, it may be stipulated that neither the attorney nor the client may, without the written consent of the other, settle, compromise, release, discontinue or otherwise dispose of the suit or claim. Either party to the contract may, at any time, file it with the clerk of the district court in which the suit is pending or is to be brought and have an original or certified copy made and served by registered or certified mail on the opposing party. After such service, any settlement, compromise, discontinuance, or other disposition made of the suit or claim by either the attorney or the client without the written consent of the other is nul'h and void and the suit or claim shall be proceeded with as if no such settlement or discontinuance had been made.”
In the main, the effect of LSA-R.S. 37:218, is to make legal a contract between client and attorney wherein the client may assign to the attorney, and the attorney may acquire as his fee, an interest in the subject matter of controversy involved. This statute further provides:
1. That the parties may stipulate that neither the attorney nor the client, without the written consent of the other, may settle, compromise, release, discontinue or otherwise dispose of the suit or claim;
2. That either party to the contract, at any time may file the contract with the clerk of the district court in which the suit is pending and have an original or certified copy made and served by registered or certified mail on the opposing party; and
3. That after such service, any settlement, compromise, discontinuance, or other disposition made of the suit or claim by either the attorney or the client without the written consent of the other is null and void and the suit or claim shall be *113 proceeded with as if no such settlement or discontinuance had been made.
(Emphasis added)
Inasmuch as the subject matter of the contract of employment between plaintiff and his attorney-at-law is legal, the contract itself is the law between the parties provided its provisions, terms and conditions do not extend beyond the limits or the four corners of the statute.
Plaintiff argues that as the statute provides “any settlement, compromise, discontinuance, or other disposition made of the suit or claim by either the attorney or the client without the written consent of the other is null and void and the suit or claim shall be proceeded with as if no such settlement or discontinuance had been made” the action of the trial court on the plaintiff’s motion for a judgment of dismissal without the written consent of plaintiff’s attorney is null and void.
The plaintiff has cited the cases of Succession of Carbajal, 139 La. 481, 71 So. 774 (1916); Succession of Rice, 147 La. 834, 86 So. 282 (1920); and Tennant v. Russell, 210 La. 1092, 29 So.2d 167 (1946), as supportive of his argument. These cases support our holding in the instant case.
Appellant apparently argues that as the contract was served on him by his own attorney in compliance with the provision of the Act (plaintiff mistakenly believes the contract must be served on himself), he cannot legally have the action dismissed without the consent of his attorney.
There is no requirement in the statute that the contingent fee contract be served on the plaintiff (one of the contracting parties) by his own attorney, nor does service of the contract on the opposing party make necessary the concurrence of the plaintiff’s attorney a prerequisite for dismissal in the absence of such a requirement in the contract.
The contract between plaintiff and his attorney, as shown by the portion of the contract quoted supra, does not prohibit the discontinuance of the suit by the plaintiff without the written consent of the attorney.
We conclude that the statute does not annul discontinuance of a suit by the client without the consent of the attorney unless the contract authorized by the statute prohibits such discontinuance.
Ronald S. Ruiz, attorney herein for the plaintiff, appeared in this proceeding in his own proper person and has injected himself herein as a party plaintiff, without any additional formality, or leave of court and filed a motion for appeal both in his own behalf and on behalf of plaintiff, and further, filed a brief and argues in his own behalf. This court takes notice that Ronald S. Ruiz has no standing as a party litigant in this proceeding.
For the foregoing reasons, the judgment appealed from is affirmed at appellant’s cost.
Affirmed.