(54 South. 736.)

No. 18,287.

SHAY v. WATTIGNY et al.

(June 6, 1910. On the Merits, March 13, 1911.)

*(Syllabus by the Court.)*

1. APPEAL AND ERROR (§§ 465, 801*)—REVIEW —AMOUNT OF BOND—DISCRETION OF TRIAL COURT.

Where an intervention in a partition proceeding is dismissed by a judgment which awards no specific amount, the trial judge is authorized to fix the amount of the bond for a suspensive appeal; and his action in so doing cannot be reviewed in this court on a motion to dismiss the appeal.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. §§ 465, 801.*]

2. TIME (§ 10*) — HOW COMPUTED — SUSPENSIVE APPEAL.

In the delay within which suspensive appeal may be taken, Sundays are not to be counted.

[Ed. Note.—For other cases, see Time, Cent. Dig. § 48; Dec. Dig. § 10.*]

On the Merits.

3. APPEAL AND ERROR (§ 837*)—REVIEW.

An intervention in a partition suit, which shows that the intervener is a coheir, and has never parted with his heritable interest in the property, discloses a cause of action. On the trial of exceptions, which admit the facts alleged in a petition of intervention, contrary facts alleged in the petition of the plaintiff, and documents not offered in evidence, will not be considered by the court.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 837.*]

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Action by Richard Shay against August W. Wattigny, tutor, and others. Judgment for plaintiff, and John Shay, Jr., intervener, appeals. Reversed and remanded.

Albert Voorhies, for appellant. A. D. Danziger, for appellee Shay. F. J. Dreyfous, for other appellees.

128 LA.—7

On Motion to Dismiss Appeal.

MONROE, J. Plaintiff sues for a partition, alleging that he owns an undivided nine-tenths interest in the property sought to be partitioned, and that two minors, who are made defendants, own the balance. He, however, calls into the case two other persons as defendants, and still another, John Shay, Jr., has intervened, claiming an interest in said property.

To his intervention plaintiffs excepted, alleging that it discloses no cause of action; that there is misjoinder of parties; and that intervener has no interest "in the present partition suit."

The judge a quo maintained the exception and dismissed the intervention, and intervener moved for, and obtained, an order for an appeal, suspensive and devolutive, on furnishing bond in the sum of $50. The judgment was signed April 11, 1910, and the appeal bond, for $50, was filed on April 22, 1910. Plaintiff moves to dismiss the appeal on the grounds: (1) That the property sought to be partitioned is worth $9,000, and the bond given is insufficient in amount for a suspensive appeal; (2) that the bond was signed too late to sustain a suspensive appeal.

1. There having been no judgment for a specific amount, the judge a quo was authorized to fix the amount of the appeal bond (C. P. art. 574), and he appears to have done so. His ruling in that respect cannot be reviewed in this form of proceeding.

2. The appeal stays execution if taken within 10 days, "not including Sundays," and, as between Monday, April 11th, and Friday, April 22d, a Sunday intervened, the bond was filed in time.

The motion to dismiss is therefore overruled.

On the Merits.

LAND, J. This is a suit for the partition of a lot of ground in the city of New Orleans.

Plaintiff alleged that the property belonged to himself and the defendants, in the proportions of nine-tenths and one-tenth, as shown by the titles set forth in the petition. It appears from the allegations that the property belonged to the community between Mrs. John Shay, deceased, and her surviving husband, and that the plaintiff claims title in part through John Shay, Jr., as heir of his deceased mother and brother and sister as per alleged notarial act of sale. A copy of this act was not annexed to the petition.

The tutor for answer admitted all the facts and allegations of the petition, and prayed for the convocation of a family meeting to fix the terms and conditions of the sale of the property. The meeting was ordered, and, after appraising the property at $9,000, advised that the same be sold at private sale for cash for not less than the appraised value, for the purpose of effecting a partition. The two other defendants answered, also admitting the facts, except as to the amount of the respective interests of themselves and the minors in one-tenth of the property.

John Shay, Jr., intervened in the suit, alleging that he was one of the owners in indivision of said property, which formerly belonged to the succession of his mother; that he had never parted with his legal interest therein, and joined the plaintiff and the defendants in asking for a legal partition in due course, determining the exact amount or proportion coming to plaintiff, defendants, and intervener. The intervener admitted that the petition contained a correct list of the forced heirs of Mrs. Shay, and a correct statement as to the death of some of them, whose successions were inherited by the surviving father and brothers and sisters according to law. The intervener prayed for an inventory of the fruits and revenues of the property so as to fix the responsibility of those who may have had possession and enjoyed the same; and further prayed that

his rights of ownership and heirship be recognized and adjudicated in his favor, according to the facts and the law, and for partition in due course.

Plaintiff and defendants excepted to the petition of intervention on the grounds:

That the same disclosed no cause of action.

That there was a misjoinder of parties.

That the intervener had no interest in the pending partition suit.

There was judgment maintaining the exceptions, but reserving to intervener the right to urge whatever claims he may have by direct action.

The original petition alleged that the property to be partitioned was purchased in the name of Mrs. John Shay; that on her death her succession was opened, and judgment was rendered recognizing her surviving husband, John Shay, as entitled to one-half of said property, and John Shay, Jr., and other children of the marriage as the sole heirs at law of the decedent. The petition further alleged the death of two of the heirs, and that John Shay, Jr., in 1892 sold to John Shay, Sr., his share in the estate of his deceased mother and of his deceased brother and sister; and that John Shay, Sr., sold said share and other shares in the said estate to the petitioner.

John Shay, Jr., the intervener, alleged that said real estate was the separate property of his deceased mother, and that he had never parted with his heritable interest therein.

The exceptions necessarily admit the facts alleged by intervener, and it follows as a matter of law that the intervener is a joint owner of the property sought to be partitioned. In considering the exceptions, we cannot assume that all the allegations of fact set forth in the plaintiff's petition are true. Whether the intervener has sold his heritable rights in the successions of his mother and brother and sister, or whether there be a

judgment which estops the intervener to question the community status of the property, are matters that are not now before the court. No evidence was adduced on the trial of the exceptions. We find in the transcript an instrument purporting to be a sale from John Shay, Jr., to John Shay, Sr., which though marked filed cannot be considered a part of the record as to the trial of the exceptions.

It is therefore ordered that the judgment below be reversed; and it is now ordered that the exceptions to the petition of intervention be overruled, and that this cause be remanded for further proceedings according to law.