His Honor, EMILE GODCHAUX,
rendered the opinion and decree of the Court, as follows:
The judgment ordered the delivery of a diamond pin valued in the inventory herein at $400. A suspensive appeal from said judgment was granted upon appellant furnishing a bond in an amount fixed by the Court at $100. The appellee moves to dismiss the appeal on the ground that the amount of the bond is insufficient, contending that under C. P., 575 and 576 the bond should exceed by one-half the value of the article in controversy.
C. P., 575, refers to money judgments, and C. P., 576, to judgments decreeing the delivery of movables of a. per *240 isliable nature. Neither have any application to the amount of bond to be furnished in this case where the judgment concerns a movable of non-perishable nature, the determination of the amount of the bond in such instance being confided to the trial Court under 0. P. 574.
Opinion and decree, December 6th, 1915.
Syllabus.
On The Merits.
Tile qualifications of a witness to probate an olographic testament uiider Article Civil Code, 1655 (1648) are those pr>e- ' scribed by Articles Civil Code 2281 (2260 and 2282 (2261) and not by Articles Civil Code 1591 (1584) and 1592 (1585).
Therefore a legatee under ah olographic testament is a competent witness to probate it.
The fact, if it be true, that the amount fixed is insufficient, furnishes no ground for the dismissal of the appeal, the appellee’s remedy being by proper and timely application addressed to the trial 'Court.
Immanuel Church vs. Riedy, 104 La.., 314.
Shay vs. Wittigny, 128 La., 193.
Succession of Baumgarden, 35 A., 127,
The motion to dismiss the appeal is accordingly denied.
Motion to dismiss appeal denied.