For the reasons assigned, the appeal is dismissed.

**77 So.2d 417**

### ACADIAN PRODUCTION CORPORATION OF LOUISIANA

**v.**

### SAVANNA CORPORATION et al.

**No. 42013.**

Dec. 13, 1954.

John T. Charbonnet, E. B. Charbonnet, Jr., New Orleans, in pro. per., for appellants.

W. F. Gemeinhardt, New Orleans, for plaintiff in rule and appellee.

FOURNET, Chief Justice.

This is a sequel to the case of Acadian Production Corp. of Louisiana v. Savanna Corp., 222 La. 617, 63 So.2d 141, wherein we annulled and set aside the judgment of the lower court dismissing plaintiff's suit on exceptions of no cause or right of action, and remanded the case for trial on the merits; and it is now before us on a motion to dismiss the appeal taken by the plaintiff's attorneys, John T. Charbonnet and E. B. Charbonnet, Jr., from the judgment of the district court judicially approving a compromise agreement between the plaintiff and defendants which they, the plaintiff's attorneys, oppose.

The suit involves a claim by the plaintiff, Acadian Production Corporation of Louisiana, to an interest of 15.6463695% in a certain oil, gas and mineral lease covering property in St. Martin Parish. The appellants, on behalf of the plaintiff, instituted suit to set aside transfers of said lease to the extent of plaintiff's claimed interest therein, having previously entered into a contract of employment with the plaintiff by the terms of which, as compensation for services rendered and to be rendered, they received an undivided one-third interest in the subject matter of the suit. That contract, annexed to the petition, with copies served on the defendants, contained the stipulation that "Neither said Attorneys or Acadian Production Corporation of Louisiana have the right, without the written consent of the other, to settle, compromise, release, discontinue or otherwise dispose of said suit or claim."

Following remand of the case and the filing of answers, trial was had on the merits and the matter submitted for decision. While the case was under advisement a compromise was agreed to between the plaintiff and the defendants without the concurrence of the appellants, and an attorney who had not previously taken part in the suit filed a rule on behalf of plaintiff against appellants and the defendants, as a result of which they were ordered to show cause why the compromise agreement should not be judicially approved. Under

the terms of that compromise, suit was to be discontinued as to two-thirds of the property in suit, or 10.4309130%, said interest to be disbursed and divided 1% to plaintiff and 9.4309130% to defendants, "* * * without prejudicing by this act the right of the aforementioned attorneys [appellants] to continue their litigation of this cause for their one-third (⅓) interest in the matter,"—which one-third was recognized therein as 5.2154565%. Following trial of the rule, during which the appellants took the position that the compromise agreement was void and ineffective because of the clause in their contract of employment, there was judgment making the rule absolute and judicially approving the compromise to the extent of the two-thirds interest, and reserving the one-third interest to the appellants pending the outcome of litigation. This appeal followed.

The basis for the motion to dismiss is that (1) inasmuch as the appellants' interest in the subject matter of the litigation is fully protected, they have suffered no injury, cannot be aggrieved by the judgment complained of, and are therefore without interest to prosecute this appeal; and (2) the appeal bond is insufficient as to amount, in that (a) the judgment decrees the delivery of real estate, producing revenues, but the bond does not comply with the requirements of Article 577 of the Code of Practice; [1] (b) the surety on the bond, a surety company, has failed to give a bond for a sum exceeding by one half the amount for which the judgment was given, as required by Article 575 of the Code of Practice; [2] (c) the bond does not include the amount of damages appellees may sustain, and therefore fails to comply with Article 74.10 of the Code of Practice.[3]

1. "But if the judgment decree the delivery of real estate, not of a perishable nature, security shall only be required to an amount exceeding by one-half the estimative value of the revenue to be derived from such real estate, pending the suit, and for such further amount as the judge may determine as surety for an injury, or deterioration which may be caused to the estate by the appellant, while in possession of the same."

2. "If the appeal has been taken within ten days, not including Sundays, after the judgment has been notified to the party cast in the suit, when such notice is required by law to be given, it shall stay execution and all further proceedings, until definitive judgment be rendered on the appeal; provided the appellant gives his obligation, * * * with the security of a bonding or surety company legally authorized to conduct such business in the State of Louisiana, in favor of the clerk of the court rendering the judgment, for a sum exceeding by one-half the amount for which the judgment was given, including interest allowed in said judgment * * *."

3. Article 74.10, Louisiana Code of Practice, was repealed upon adoption of the Revised Statutes of 1950, and reenacted in the same form as LSA–R.S. 13:4924. It provides: "No appeal from any such judgment shall suspend execution unless the defendant has filed a special defense, supported by his oath, that all the facts contained in his answer are true, and entitle him to retain the possession of the premises, and unless further, he give bond with good and sufficient security for all such damages as the appellee may sustain."

With respect to the claimed lack of appealable interest, the matter has been decided adversely in the case of Robinson v. Hunt, on rehearing 211 La. 1019, 31 So. 2d 197. To say that the appellants are not aggrieved by the judgment judicially approving the compromise agreement between the plaintiff and the defendants, because it leaves intact the appellants' one-third interest pending the outcome of the suit, is begging the question. The judgment is clearly final as to the two-thirds interest compromised, and it is precisely the validity of this compromise, under the facts here presented, that must be determined when the appeal is considered on its merits, in view of LSA–R.S. 37:218 which authorizes contracts of employment in all respects similar to that confected between the appellants and the plaintiff and provides that after service on the opposing party "any settlement, compromise, discontinuance, or other disposition made of the suit or claim by either the attorney or the client without the written consent of the other is null and void and the suit or claim shall be proceeded with as if no such settlement or discontinuance had been made."

A mere reading of the provisions of law cited by the plaintiff as governing the amount of the bond will show their inapplicability in this case. The judgment did not decree the delivery of real estate, nor was there question of appellants retaining possession of the premises; it merely fixed the interests of the parties, and de-creed that two-thirds of the interest be divided and disbursed in the proportions set out in the compromise agreement. There having been no judgment for a specific amount, the court was authorized to fix the amount of the appeal bond, Article 574, Louisiana Code of Practice, and its ruling in that respect cannot be reviewed in this form of proceeding. Shay v. Wattigny, 128 La. 193, 54 So. 736.

For the reasons assigned, the motion to dismiss the appeal is denied.