140 So.2d 226 (1962)
Succession of Steve VLAHO.
No. 262.
Court of Appeal of Louisiana, Fourth Circuit.
April 2, 1962.
Rehearing Denied May 7, 1962.
Certiorari Denied June 20, 1962.
Edward K. Pinner, Sr., in pro. per.
Titche & McDermott, Stanley McDermott, Jr., for C. Layton Merritt, appellee.
William H. McClendon, Jr., Stuart A. McClendon, for Nikola Vlaho and Mara Vlaho, wife of Jakov Vasile, intervenors.
Baldwin, Haspel, Molony, Rainold & Meyer, Cuthbert S. Baldwin and Robert R. Rainold for Toma Vlaho, Ivan Vlaho and Petar Vlaho, intervenors.
Before McBRIDE, JOHNSON and HALL, JJ.
HALL, Judge pro tem.
Steve Vlaho, a naturalized citizen of the United States domiciled in New Orleans, died on November 7, 1958 leaving a last will and testament in nuncupative form by private act dated August 23, 1957 bequeathing all of his property to relatives in Yugoslavia. The will was duly probated, the testamentary executor qualified, and an inventory was taken.
*227 On March 9, 1959, Mike Vlaho, a cousin of decedent residing in New Orleans, filed a petition seeking to have the dispositions in the will declared null under the provisions of LSA-C.C. Articles 1490, 1491, on the ground that the named legatees of the decedent were incapable of receiving their bequests because they were residents of Yugoslavia, a country with a communist form of government, whose citizens were incapable of private ownership, and whose laws do not permit donations to residents of the United States.
On July 15, 1959 a second suit was filed by Mike Vlaho. This suit challenged the testamentary capacity of the deceased.
The Yugoslavian legatees intervened in the proceedings claiming that reciprocity existed between the United States and Yugoslavia and that they were entitled to receive their legacies.
In both of the suits the opponent, Mike Vlaho, was represented by his attorney, Edward K. Pinner, Sr., whom he had employed on a contingent fee basis contract. This contract, after reciting that Mike Vlaho and one Harvey M. Vlaho would assist each other in attacking the will of Steve Vlaho and would share and share alike in whatever might be recovered from the estate, went on to provide:
"It is further agreed by the parties hereto that they employ Edward K. Pinner, Sr., attorney at law, as their attorney to represent them in attacking the will, and in consideration of the services to be rendered by the said attorney, both parties agree to pay to said attorney twenty-five (25%) per cent of the amount recovered for both parties; they both agree not to compromise the suit without the written consent of said attorney and agree that the said attorney is to have a vested interest in the subject-matter of the suit attacking the will or in the amount recovered." (Emphasis supplied.)
The suits were consolidated for trial and after trial on the merits the District Judge rendered judgment on May 9, 1960 in favor of the testamentary executor and the intervenors and dismissed both of Mike Vlaho's suits.
Thereafter, Harvey M. Vlaho and Edward K. Pinner, Sr., (in propria persona) petitioned the Court for a suspensive appeal. No proceedings for an appeal were filed by or on behalf of Mike Vlaho and the judgment dismissing his suits became final as to him.
The District Judge refused to grant an appeal to Harvey M. Vlaho but granted a suspensive appeal to Edward K. Pinner, Sr., holding that as an attorney he had a right to appeal in his own behalf in view of the provisions of LSA-R.S. 37:218 when Mike Vlaho, the plaintiff client decided not to do so.
The matter is before us now solely on the appeal of Edward K. Pinner, Sr., the attorney, in propria persona.
The question of his right to appeal was raised both in argument and in the briefs but counsel devoted scant attention to the point.
However, the question, having been raised, cannot be ignored by the Court but must be decided before the merits of the controversy may be considered.
Under the provisions of C.P. art. 571 the right of appeal is given not only to those who were parties to the cause in which a judgment has been rendered against them, but also to third persons not parties to such suit, when such third persons allege that they have been aggrieved by the judgment. The test of whether a third person has a right to appeal is whether he has a pecuniary interest in the res or subject-matter of the suit. Mutual Life Ins. Co. v. Houchins, 52 La.Ann. 1137, 27 So. 657; Barataria Land Co. v. Louisiana Meadows Co., 154 La. 461, 97 So. 658.
*228 The only theory upon which appellant pretends to have, or could have, an appealable interest is based upon his contingent fee contract and the provisions of LSA-R.S. 37:218. If they do not give him an appealable interest his appeal must be dismissed.
LSA-R.S. 37:218 reads as follows:
"By written contract signed by the client, attorneys at law may acquire as their fee an interest in the subject matter of the suit, proposed suit, or claim, in the prosecution of defense of which they are employed, whether the suit or claim be for money or for property. In such a contract of employment, it may be stipulated that neither the attorney nor the client may, without the written consent of the other, settle, compromise, release, discontinue or otherwise dispose of the suit or claim. Either party to the contract may, at any time, file it with the clerk of the district court in which the suit is pending or is to be brought and have a copy made and served on the opposing party and due return made as in case of petitions in ordinary suits. After such service, any settlement, compromise, discontinuance, or other disposition made of the suit or claim by either the attorney or the client without the written consent of the other is null and void and the suit or claim shall be proceeded with as if no such settlement or discontinuance had been made."
In Succession of Carbajal, in re Clavijo et al., 139 La. 481, 71 So. 774, the Supreme Court had under consideration Act No. 124 of 1906 from which LSA-R.S. 37:218 was derived. In that case Mrs. Clavijo entered into a written contract with a firm of attorneys to file suit in her behalf to annul her father's will and stipulated that they should receive, as their compensation, 15 per cent of the money or property that might be recovered whether under a final judgment or by compromise agreement. Suit was brought accordingly. Thereafter, Mrs. Clavijo in proper person sought to dismiss the suit but the district judge refused to dismiss on the ground that the attorneys had a vested interest therein. Mrs. Clavijo applied for writs. On consideration of the writs the Supreme Court said:
"We may start with the proposition that, prior to the passage of Act No. 124 of 1906, a contract for a contingent fee gave an attorney no interest in the subject-matter of the litigation to which the contract might relate, but entitled him only to a privilege upon the judgment, if and when obtained, and that, notwithstanding such contract, it was within the power of the client to discontinue the suit at will, leaving to the attorney his right of action on quantum meruit for services rendered. * * *"
The Court then quoted the Act of 1906 and said:

"It will be seen, then, that the only method which the statute thus quoted provides, whereby the plaintiff in a suit can be prevented from exercising the right, which he previously possessed, of compromising and discontinuing the same, is the insertion in the written contract of employment, between him and his attorney, of a stipulation to that effect * * *.
"There is no such stipulation in the contract here relied on, and it will not do to say, merely because the statute confers upon the attorney the right to acquire an interest in the subject-matter of the suit, brought or to be brought by him, that the contract of itself gives him the right to prevent the compromise or discontinuance of such suit by his client. The argument to that effect would be stronger if the statute did not contain the provision authorizing a stipulation on that subject to be written into the contract, though even then it could hardly be *229 sustained, for the attorney, who is to receive a commission on the amount recovered, and who is accorded a privilege upon the judgment that he may obtain, unquestionably has an interest, of a sort, in the prosecution of the suit, and yet it is well settled that his client may discontinue the suit, and thus defeat both the recovery and the privilege * * *.
"The first paragraph of the proviso is complete in itself, to the extent that it makes lawful that which was before unlawful; so that an attorney, who recovers property under a written contract whereby he is to receive a portion thereof as his compensation, may also recover his compensation. But, as though to guard against the inference * * * that an interest in the subject-matter of the suit necessarily includes the right to keep the suit in court, against the wishes of the litigant, the second paragraph deals with that question as a separate proposition, and declares that `it shall be lawful to stipulate' to that effect * * *. To * * * give effect to the one paragraph, without reference to the others would violate the accepted canons of construction, and is legally impossible". (Emphasis supplied)
In Succession of Rice, 147 La. 834, 86 So. 282, John D. Nix, Jr., was employed by one of the heirs of the decedent as his attorney to oppose the probate of decedent's will. The written contract between client and attorney stipulated that Nix was to handle the opposition "to a final conclusion", that he was to advance all costs and receive as his fee one-half of any and all sums recovered. Nix filed the opposition but the client later withdrew the opposition over Nix's protest. Nix then filed suit in his own name praying to be recognized as one of the heirs of decedent claiming a vested interest in the estate by virtue of his contract of employment. His suit was dismissed on exceptions of no cause or right of action and he appealed. The Supreme Court held, citing Succession of Carbajal, supra:
"It might have been agreed and stipulated between the parties, under Act 124 of 1906, that neither the attorney nor the client should have the right, without the consent of the other, to compromise, release, discontinue or otherwise dispose of such suit or demand. But there is no such stipulation in the contract, and William E. Rice was at liberty to discontinue the suit. * * *
"As the petition does not allege (such a stipulation) * * * the petition of Nix does not disclose a cause of action * * * to have the petition first filed by him reinstated * *."
In Tennant v. Russell, 214 La. 1046, 39 So.2d 726, 728, Samuel J. Tennant, Jr., was employed by Mrs. Russell as her attorney to set aside an alleged fraudulent partition between herself and her husband from whom she had obtained a separation from bed and board. The written contract of employment stipulated that Tennant was to receive ¼ of the recovery and contained this provision: "I agree that the employment of the said Samuel J. Tennant, Jr. is irrevocable and he is hereby vested with a one-fourth (¼) interest in my claim. It is understood, however, that he is not to make any settlement without my written consent." (Emphasis supplied). Tennant duly filed suit against the husband but on the day it was set for trial Mrs. Russell through another attorney filed a motion to dismiss it. Tennant thereupon filed a suit to annul the partition in his own name, claiming a vested interest in the res by virtue of his employment contract. The Supreme Court held that Tennant had no vested right, and then said:
"* * * nowhere is it shown or pleaded that it was agreed between the parties that neither the attorney nor the client should have the right, without written consent of the other, to discontinue the suit. The presumption *230 of law is that this provision was intentionally left out of the contract. * *." (Emphasis supplied).
Another phase of this same suit was decided by the Supreme Court in 210 La. 1092, 29 So.2d 167. The Court citing Succession of Carbajal supra and Succession of Rice supra had this to say:

"The fact that in the contract whereby Mrs. Russell employed the services of Tennant it is declared that such contract is irrevocable and that Tennant `is hereby vested with a one fourth interest in my (Mrs. Russell's) claim' adds nothing to a contract that was executed without full compliance with the formalities required in the act, particularly when there is no stipulation contained in the contract limiting his client's otherwise ever-existing right to settle, compromise, dismiss, or otherwise dispose of her suit, and when this was accomplished by her, Tennant's right to proceed with his suit * * * was, of necessity, terminated." (Italics ours.)
There are two cases in which an attorney employed on a contingent fee basis was allowed to appeal, based upon the peculiar facts of those cases.
In Robinson v. Hunt, 211 La. 1019, 31 So.2d 197, the attorney was employed to file suit on a 20% contingent fee basis. The written contract of employment provided that there could be no compromise or dismissal of the suit without the written consent of both parties. The client dismissed the suit insofar as his 80% interest was concerned without prejudice however to the attorney's 20% interest, and the trial court approved the dismissal over the attorney's protest. The attorney appealed and the Supreme Court on first hearing held that since his interest was not dismissed he could not appeal. On rehearing however, the Court held that he did have a right to appeal, citing Stiles v. Bruton, 134 La. 523, 64 So. 399, and reversed the lower court's dismissal and remanded the suit for trial.
The other case in which the attorney was allowed an appeal is Acadian Production Corp. of La. v. Savanna Corp., 226 La. 849, 77 So.2d 417. The facts were almost a repetition of the facts in Robinson v. Hunt. The attorneys were employed to file suit on a contingent basis, their employment contract providing that neither party could compromise, dismiss, etc. without the written consent of the other party. The client compromised and ruled the attorney to show cause why the compromise should not be approved by the Court inasmuch as it was made without prejudice to the attorney's right to continue the litigation as to his fee interest. The attorney protested the compromise but the District Court approved it. The attorney appealed and the Supreme Court, holding that the question had been settled in Robinson v. Hunt said:
"* * * To say that the appellants are not aggrieved by the judgment judicially approving the compromise * * * because it leaves intact the appellants' one-third interest pending the outcome of the suit, is begging the question. The judgment is clearly final as to the two-thirds interest compromised, and it is precisely the validity of this compromise, under the facts here presented, that must be determined * * * in view of LSA-R.S. 37:218 which authorizes contracts of employment in all respects similar to that confected between the appellants and the plaintiff and provides that after service on the opposing party `any settlement * * * by either the attorney or the client without the written consent of the other is null * * * and the suit or claim shall be proceeded with as if no such settlement or discontinuance had been made'".
From the foregoing decisions we conclude:
a) That the client has a right, without let or hindrance from his attorney, to settle, *231 compromise, discontinue or otherwise dispose of his suit or claim and this right exists unless and until he limits it by contract with his attorney made in full compliance with LSA-R.S. 37:218.
b) That the attorney has no vested interest in the client's suit or claim and obtains no vested interest therein even where the contract in express terms grants such an interest to him.
c) The only effect which a contingent fee contract entered into in compliance with LSA-R.S. 37:218 has is to limit to such extent as may be stipulated therein the client's otherwise ever-existing right to settle or otherwise dispose of his suit or claim at will.
d) That such stipulated limitations will be enforced by the Courts if the provisions of LSA-R.S. 37:218 are fully complied with.
Coming now to the case before us, we note that Mr. Pinner's employment contract stipulates (a) that he is to have a vested interest in the subject-matter of the suit and (b) that the client agrees not to compromise the suit without his written consent.
As we have seen Mr. Pinner obtained no vested interest in the suit despite the stipulation in the contract, and the only limitation contained therein of the client's right to dispose of the suit in any way he might choose is the stipulation prohibiting a compromise without Mr. Pinner's consent.
While the record before us does not disclose why the plaintiff, Mike Vlaho, did not choose to appeal, there is no hint or suggestion that he entered into a compromise.
The question is therefore posed whether a stipulation placing a limitation on the client's right to compromise can be construed as limiting the client's right not to prosecute an appeal. We do not think so. It is our opinion that the provisions of a contingent fee contract entered into under the authorization granted by LSA-R.S. 37:218 must be strictly construed and the client's right to dispose of his suit or claim as he sees fit is to be limited thereby only to the extent expressly stipulated therein.
For the foregoing reasons the appeal of Edward K. Pinner, Sr., is dismissed.
Appeal dismissed.