BAILES, Judge.
This appeal by Donald L. Burger is from a judgment of the district court condemning him to contribute one-half of the judgment obtained by plaintiffs against defendant, Fireman’s Fund Insurance Company of Newark, New Jersey. Also, appellant seeks to obtain reversal of judgment of the court a quo rejecting his claim for damages asserted in a reconventional demand.
This tort action was brought by plaintiffs, Melvin Batiste, Sr., and his wife, Mrs. Elmira Batiste, against Fireman’s Fund, Robottom’s Mortuary and Avis Rent-A-Car System, Inc.
Consolidated for trial in the district court and for argument in this court is the companion case of Johnson v. Robottom’s Mortuary, et al., La.App., 258 So.2d 666.
The facts are these: Plaintiff, Elmira Batiste, was a guest passenger occupying *665 the right front seat in a hired Robottom Mortuary ambulance travelling from Reserve, Louisiana, to the New Orleans Charity Hospital on September 4, 1968, when the ambulance collided with a passenger car owned by Avis Rent-A-Car System, under lease to and driven by Mr. Donald L. Burger, appellant. The collision occurred at the intersection of U. S. Highway 61 (Airline Highway) and Central Avenue in Jefferson Parish, Louisiana.
The ambulance was travelling in the innermost lane of Airline Highway going toward New Orleans with the siren and the revolving red light in operation when the collision occurred. Mr. Burger was driving the Avis car west or outbound on Airline Highway. He had stopped in the left turn lane of Airline Highway in obedience to the red signal light. He was awaiting the left turn signal which would afford him a “protected” left turn to the south into Central Avenue. At the same time traffic facing Mr. Burger inbound was also stopped because of the red semaphore signal. When the signal mechanism flashed the left turn arrow indicating to him that he could make a protected left turn, the Robottom ambulance was approaching the intersection from the west at a speed of about SO miles per hour and was placed by an eyewitness approximately four or five car lengths from the intersection. At this time, as soon as the arrow turned green, Mr. Burger drove into the intersection to make the contemplated left turn. The front of the ambulance struck the right side of the Burger car.
Mrs. Elmira Batiste, Mrs. Rita Mae Johnson, Mr. Donald Burger, and another passenger not involved in either the instant case or the companion case were injured in the accident.
Fireman’s Fund was the public liability insurer of Robottom’s Mortuary ambulance with a $5,000/$10,000 limit of liability. Although alleged to be a corporation, Robot-tom’s Mortuary, as such, is not a party to this action for the reason it is not a legal entity. It is the trade name of Harry Robottom who was not named and made no appearance as a party defendant in the main demand.
Fireman’s Fund filed a third party action against Donald L. Burger. Burger answered the third party petition and also reconvened for damages and injuries received in the accident against Harry Robot-tom, as owner of the ambulance, Louis Lipps, the driver, and Fireman’s Fund as insurer of the ambulance.
The trial court found both Louis Lipps and Donald L. Burger were guilty of negligent operation of their respective vehicles and that such negligence was a proximate and contributing cause of the collision and resulting damages. Plaintiffs were awarded judgment in the amount of $4,212.00 against Fireman’s Fund, and in the third party action, Fireman’s Fund was granted judgment against Mr. Burger for one-half of the judgment awarded plaintiffs. The «conventional demands of Burger were rejected. The suit against Avis Rent-A-Car System, Inc., was dismissed.
In this appeal, the only issue before us is: Was the trial court correct in holding Burger . guilty of negligence that was a proximate cause of the accident thus resulting in judgment awarding contribution in favor of Fireman’s Fund and against Burger and in dismissing Burger’s «conventional demand.
We find the judgment appealed from correct.
Under the facts, unquestionably the ambulance driver was guilty of negligence that was a proximate cause of the accident. He violated the provisions of LSA-R.S. 32:24 regulating the operation of emergency vehicles, by driving into the intersection at 50 miles per hour, by driving through a red or stop signal without slowing down or stopping as was necessary for safe operation and by operating the ambulance in a reckless disregard for the safety of others. The negligent manner in which he was operating the ambulance *666 was a proximate and contributing cause of the accident.
In Bourgeois v. Francois, 245 La. 875, 161 So.2d 750 (1964), at page 753, the Supreme Court said :
“ * * * Indeed, it is now well settled that it is only in exceptional circumstances, where the motorist on the favored street could have avoided the accident by the exercise of the slightest sort of observation and care, that he will be found derelict. * * * ”
In Powell v. Allstate Insurance Company, La.App., 233 So.2d 38 (1970), the court, at page 41, said:
“[2] At the time of the collision Mrs. Nelson was favored with the green light. Being so favored she was relieved of the duty to look for violations by side-street traffic facing the red light. Mrs. Nelson could be found derelict only if she could have avoided the accident by the exercise of the slightest degree of observation and care. Youngblood v. Robison, 239 La. 338, 118 So.2d 431, 2 A.L.R.3d 1 (1960); Bourgeois v. Francois, 245 La. 875, 161 So.2d 750 (1964).”
The trial court found the ambulance was travelling inbound to New Orleans with the red light and siren operating. The speed was fixed at about 50 miles per hour and at the time Burger began his left turn on the green arrow. At this time it was estimated the ambulance was four to five car lengths from the intersection. Mr. Burger testified he at no time saw the ambulance prior to the collision. By the slightest sort of observation and care he could have seen that the oncoming ambulance was not going to and indeed could not stop. This lack of observation and care on the part of Burger was negligence which constituted a proximate and contributing cause of the accident.
The order of appeal made the return date for the appeal November 27, 1970, and by extensions was ultimately fixed for May 25, 1971. The record was, in fact, filed in the office of the Clerk of this court on May 3, 1971.
On December 20, 1971, the plaintiffs ‘ filed in the office of the Clerk of this court a document denominated “Answer to appeal of Donald Burger and Fireman’s Fund Insurance Company of Newark, New Jersey.”
LSA-C.C.P. art. 2133 provides for the delay for the filing of an answer to an appeal. This article provides that the answer to the appeal must be filed not later than fifteen days after the return day or the lodging of the record whichever is later.
We take notice ex proprio motu the plaintiffs-appellees did not timely answer the appeal.
For the foregoing reasons, the judgment appealed from is affirmed at appellant’s cost.
Affirmed.