BAILES, Judge.
This action is the companion suit to that of Bastiste et ux. v. Robottom’s Mortuary et al., No. 4758 of our docket, handed down this day, 258 So.2d 663.
Herein Wilbert Johnson, Jr., and his wife, Rita Mae Johnson sue defendants, Robot-tom’s Mortuary, Fireman’s Fund and Avis Rent-A-Car System, Inc., for damages resulting from the physical injuries received by Rita Mae Johnson, in the collision between the Robottom ambulance and the Avis car driven by Donald L. Burger. She was the patient who was being transported to Charity Hospital in New Orleans.
As in the companion suit, Fireman’s Fund, after answering the main demand, filed a third party petition against Donald L. Burger, seeking primarily, full recovery from Donald L. Burger for any amount it might be condemned to pay plaintiffs, and alternatively, contribution from Burger.
The record reflects that Burger was not served with citation in the third party suit, he filed no answer and he made no appearance in this suit.
In ruling that Burger had appeared in this case, the trial court stated:
“Burger moved for a new trial on the grounds he was never served as a defendant or appeared as a party defendant.
“ * * * * * *
“Donald Burger offered no evidence to refute the cover letter of Fireman’s Fund that his attorney had advised that there was no necessity for service.
*668 “Under identical circumstances and facts, except the identity of plaintiffs, Donald Burger answered the third party pleadings in No. 4011.
if * * * * * *
“The appearance of Donald L. Burger at the trial of this matter; the participation of Donald L. Burger in the trial of this matter; the submission by Donald L. Burger of memorandum in this matter— all without objection or exception on the part of Donald L. Burger — was a waiver of all objections to lack of service or citation and was acquiescent to the trial of the matter on the record.
“This court can find no prejudice to the defense of Donald L. Burger by reason of the lack of service or citation or answer.”
On this finding, the trial court having rendered judgment in favor of plaintiffs and against Fireman’s Fund in the amount of $5,000.00, Fireman’s Fund was awarded judgment against Burger for one-half of this amount as contribution. From this judgment only Burger appealed.
Fireman’s Fund argues that the action of Burger and his participation in the suit, as set forth by the trial court, satisfied the requirement of LSA-C.C.P. arts. 6 and 7, and that for this reason he is a third party defendant even though he was not served with citation.
We find the provisions of LSA-C.C.P. art. 1201 dispositive of this issued. Article 1201 provides:
“Citation and service thereof are essential in all civil actions except summary and executory proceedings. Without them all proceedings are absolutely null.
“The defendant may expressly waive citation and service thereof by any written waiver made part of the record.”
We cannot subscribe to this argument. The suits were consolidated for trial on the motion of the plaintiffs and by order of the trial court. Mr. Burger had no alternative. He was compelled to attend the taking of depositions, examinations of witnesses, filing of pleadings in the companion case of Batiste, and in general to do whatever was required to protect his own interest.
There was no express or implied waiver of citation and service thereof, nor did he submit himself to the jurisdiction of the court in this instant case through appearance in the Batiste case.
Therefore, that portion of the judgment rendered which awards contribution in favor of Fireman’s Fund Insurance Company of Newark, New Jersey and against Donald L. Burger of one-half of the judgment rendered in the main demand is annulled, set aside and reversed. Appellee, Fireman’s Fund is cast for all cost of this appeal.
Reversed.