318 So.2d 100 (1975)
R. B. BROCK, Plaintiff and Appellee,
v.
TIDEWATER CONSTRUCTION COMPANY, Defendant and Appellant.
No. 5102.
Court of Appeal of Louisiana, Third Circuit.
September 5, 1975.
*101 Bolen & Halcomb by Gregory S. Erwin, Alexandria, for defendant and appellant.
Holloway, Baker, Culpepper & Brunson by Donald C. Brown, Jonesboro, for plaintiff and appellee.
Before HOOD, CULPEPPER and MILLER, JJ.
CULPEPPER, Judge.
This case was consolidated on appeal with Liberty Mutual Insurance Company v. Brock, 318 So.2d 105, in which a separate decision is being rendered by us this date.
In the present case, the plaintiff-employee, R. B. Brock, filed suit against only his employer, Tidewater Construction Company, for workmen's compensation benefits due for an injury which occurred on November 6, 1973. Plaintiff also sued for penalties and attorney's fees.
Prior to trial, plaintiff entered into a stipulation with the defendant-appellant, Tidewater Construction Company, represented by Mr. James A. Bolen, Jr., In the stipulation, the employer admits liability for compensation, but states that after this suit was filed on January 16, 1974, weekly payments were started on January 23, 1974 and have since been continued. The parties stipulated that the only issue is whether plaintiff is entitled to penalties and attorney's fees.
The stipulation also states that at the time of the accident the defendant-appellant, Tidewater Construction Company, had in effect a policy of workmen's compensation insurance with Liberty Mutual Insurance Company. Of course, the effect of this latter stipulation is that the employer, being insured, cannot be liable for penalties and attorney's fees, LSA-R.S. 23:1201.2; DeJean v. B. F. Trappey's Sons, Inc., 285 So.2d 297 (La.App. 3rd Cir. 1973).
The case went to trial on the issue of penalties and attorney's fees. Judgment was rendered rejecting plaintiff's claim against the employer, Tidewater. But the judgment casts Liberty Mutual Insurance Company for $1,500 in attorney's fees and $85.80 in penalties.
Thereafter, the trial court rendered a "Supplemental Opinion" which states in pertinent part:
"Defense counsel states that plaintiff did not sue Liberty Mutual Insurance Company, and, therefore, was not made a part of this lawsuit. However, by joint stipulation of facts signed by both attorneys for plaintiff and defendant and filed on May 20, 1974, the following stipulation is found:
"The defendant herein, Tidewater Construction Company, is a Virginia corporation, duly licensed to do business within the State of Louisiana. That at the time of the injury to Mr. Brock, defendant had in effect a policy of workmen's compensation insurance with Liberty Mutual Insurance Company for the type of damages complained of herein.'
"Defense counsel, having lulled plaintiff's counsel into a sense of secutiy by stipulation that Liberty Mutual Insurance Company insured Tidewater Construction Company for the damages alleged in "plaintiff's suit, is now estopped from claiming Liberty Mutual Insurance Company was not a part of this lawsuit.
"The original opinion stands."
From this judgment the employer, Tidewater, appealed. There is no appeal in the present case by the insurer, Liberty Mutual. Instead, Liberty Mutual filed a separate suit (the companion case) directly attacking the judgment in the present matter on the grounds of lack of personal jurisdiction.
The plaintiff-employee filed a motion in this Court to dismiss the appeal by Tidewater *102 on the grounds that plaintiff's claim against Tidewater having been rejected, it has no right to appeal. Because of the unusual posture of these consolidated cases, that motion was referred by us to the merits.
The issues presented for our consideration are: (1) Should this appeal be dismissed? (2) If not, did the trial court have jurisdiction to render an in personam judgment against Liberty Mutual Insurance Company?

MOTION TO DISMISS APPEAL
LSA-C.C.P. Article 2162 provides in part:
"An appeal can be dismissed at any time by consent of all parties, or for lack of jurisdiction of the appellate court, or because there is no right to appeal, or if, under the rules of the appellate court, the appeal has been abandoned." (Emphasis supplied)
Plaintiff contends that Tidewater has no right to appeal, since no judgment was rendered against it. He says Tidewater has no interest in seeking reversal or modification of the judgment against Liberty Mutual.
This is a serious question, but we ultimately conclude that under the peculiar facts of these consolidated cases, Tidewater does have a sufficient interest to appeal.
LSA-C.C.P. Article 2082 states that "Appeal is the exercise of the right of a party to have a judgment of a trial court revised, modified, set aside, or reversed by an appellate court." In addition, Article 2086 provides that even a person who is not a party but "who could have intervened in the trial court may appeal, whether or not any other appeal has been taken." So it is clear that our law contemplates no necessity that a person have a judgment directly against him in order to appeal.
The jurisprudence is consistent in holding that where a party is "aggrieved" by a judgment, he has a right to an appeal, Andrus v. Police Jury of Parish of Lafayette, 266 So.2d 535 (La.App. 3rd Cir. 1972); Emmons v. Agricultural Insurance Company, 245 La. 411, 158 So.2d 594 (1963); Acadian Production Corporation of Louisiana v. Savannah Corporation, 226 La. 849, 77 So.2d 417 (1954). And this rule applies even where the party appealing "may be" aggrieved, Swan v. Mayer, 211 So.2d 346 (La.App. 4th Cir. 1968). But there are cases which hold that a party has no right to appeal where he can in no way benefit by a reversal or change in the judgment from which he appealed, Werhan v. Helis, 147 So.2d 260 (La.App. 4th Cir. 1962). Our Supreme Court has stated that while a party must be aggrieved by a trial court judgment in order to exercise a right to an appeal, it is not necessary that he allege or show any direct pecuniary interest, Emmons v. Agricultural Insurance Company, 245 La. 411, 158 So.2d 594 (1963); Krauss Company v. Develle, 235 La. 1013, 106 So.2d 452 (1958).
It is well established law that appeals are favored by Louisiana courts, Emmons v. Agricultural Insurance Company, 245 La. 411, 158 So.2d 594 (1963); Vidrine v. American Employers Insurance Company, 129 So.2d 284 (La.App. 3rd Cir. 1961), and unless the grounds urged for a dismissal are free from doubt, an appeal will be sustained, Emmons v. Agricultural Insurance Company, supra.
Tidewater Construction Company is the only named defendant in this suit. Although judgment was not rendered against it, judgment was rendered against its insurer for penalties and attorney's fees on the grounds that the insurer was arbitrary and capricious in failing to pay workmen's compensation benefits to one of Tidewater's employees. The judgment aggrieves Tidewater in the sense that it implies Tidewater carried its insurance with a company *103 which arbitrarily refused to pay compensation.
We conclude the motion to dismiss the appeal must be denied. However, as a practical matter, the result in these consolidated cases would not be changed even if we dismissed the appeal in the present case. For if this appeal were dismissed, the judgment appealed would nevertheless be annulled in the companion case.

VALIDITY OF JUDGMENT AGAINST LIBERTY MUTUAL
Appellant contends that the trial court was without personal jurisdiction to render judgment against Liberty Mutual Insurance Company. LSA-C.C.P. Article 6 provides:
"Jurisdiction over the person is the legal power and authority of a court to render a personal judgment against the party to an action or proceeding. This jurisdiction must be based upon:
(1) The service of process on the defendant, or on his agent for the service of process;
(2) The service of process on the attorney at law appointed by the court to defend an action or proceeding brought against an absent or incompetent defendant who is domiciled in this state; or
(3) The submission of the party to the exercise of the jurisdiction over him personally by the court, or his express or implied waiver of objections thereto."
In the present case plaintiff did not sue Liberty Mutual. Thus, there was no service of process in accordance with Sections (1) or (2) of Article 6. The sole question is whether Liberty Mutual submitted to personal jurisdiction by express or implied waiver under Section (3) quoted above.
LSA-C.C.P. Article 7 provides:
"Except as otherwise provided in this article, a party makes a general appearance which subjects him to the jurisdiction of the court and impliedly waives all objections thereto when, either personally or through counsel, he seeks therein any relief other than:
(1) Entry or removal of the name of an attorney as counsel of record;
(2) Extension of time within which to plead;
(3) Security for costs;
(4) Dissolution of an attachment issued on the ground of the nonresidence of the defendant; or
(5) Dismissal of the action on the ground that the court has no jurisdiction over the defendant.
"This article does not apply to an incompetent defendant who attempts to appear personally, or to an absent or incompetent defendant who appears through the attorney at law appointed by the court to represent him.
"When a defendant files a declinatory exception which includes a prayer for the dismissal of the action on the ground that the court has no jurisdiction over him, the pleading of other objections therein, the filing of the dilatory exception therewith, or the filing of the peremptory exception or an answer therewith when required by law, does not constitute a general appearance."
The first thing we notice is that Article 7 applies to parties to the action. Liberty Mutual has not become a party to this action by any pleadings whatever. Plaintiff cites no authority for the application of Article 7 to persons who are not parties to the action in some capacity.
Furthermore, even assuming Liberty Mutual had been named as a party, it made no general appearance under Article 7. No answer, or other pleadings were presented by it to the court. Jurisprudence *104 has held that even physical presence of a party at the trial, or testimony in court or by deposition, does not constitute a general appearance, Friere v. Wiles, 284 So.2d 817 (4th Cir. 1973); Johnson v. Robottoms Mortuary, 258 So.2d 666 (La.App. 4th Cir. 1972). These cases hold that general appearance means a formal entry into the litigation by filing pleadings seeking some type of relief.
Appellee urges that the stipulation entered into on behalf of Tidewater by Mr. Bolen, stating that Liberty Mutual Insurance Company is the workmen's compensation insurer for Tidewater, is a submission by Liberty Mutual to the personal jurisdiction of the court because Bolen is also attorney for Liberty Mutual. But the stipulation states Bolen appeared therein only for Tidewater. The purpose being, of course, to avoid rendition of a judgment for attorney's fees against Tidewater. Under LSA-R.S. 23:1201.2, attorney's fees may not be assessed against an employer who is insured.
The record is clear that the only capacity in which Mr. Bolen appeared in the trial on the merits was for Tidewater. During the course of the trial he stated: "Your Honor, I don't know what the problem is here. We are in Court as to whether the claim was properly reported and paid, as against Tidewater Construction Company, the defendant. It seems that counsel is now shifted to a demand against Liberty Mutual as to whether Liberty Mutual, as a party defendant, promptly paid medical expenses. Liberty Mutual is not a party to the lawsuit. The question is whether or not the claim was properly reported and acted upon by Tidewater Construction Company, the named defendant."
Plaintiff cites no authority, nor do we find any, to support the trial judge's statement that his court could acquire personal jurisdiction by estoppel. Our law specifically requires service of process, or waiver thereof, by a party. Louisiana Code of Civil Procedure Articles 6, 7 and 1201. See also Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 (1878).
Article 2002 of the Louisiana Code of Civil Procedure provides in part:
"A final judgment shall be annulled if it is rendered:

* * * * * *
"(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken; * * *"
Since Liberty Mutual Insurance Company was not served with process and made no general appearance, the judgment rendered against it must be annulled.
Because of our decision that the trial court had no personal jurisdiction over Liberty Mutual Insurance Company, we do not reach the question of whether its delay in paying benefits was arbitrary or capricious.
For the reasons assigned, the motion to dismiss this appeal is denied. The judgment appealed is reversed and set aside. Judgment is now rendered dismissing plaintiff's suit. All costs in the trial and appellate courts are assessed against the plaintiff.
Reversed and rendered.