NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-1128


LENORA ELLIOTT PITTS

VERSUS

RAY GENE PITTS


**********
APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CATAHOULA, NO. 19,698
HONORABLE GLEN W. STRONG, AD HOC, DISTRICT JUDGE


**********

**BILLY H. EZELL**
**JUDGE**


**********

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Billy H. Ezell,
Judges.


MOTION TO DISMISS APPEAL DENIED

Philip Allan LeTard
Post Office Box 187
Vidalia, LA 71373
(318) 336-8990
Counsel for Defendant/Appellant:
Ray Gene Pitts

Richard L. Fewell, Jr.
1315 Cypress Street
West Monroe, LA 71291
(318) 388-3320
Counsel for Defendant/Appellant:
Ray Gene Pitts

**James Edward Paxton**
**Post Office Box 97**
**St. Joseph, LA 71366**
**(318) 766-4892**
**Counsel for Defendant/Appellant:**
**Ray Gene Pitts**

**Paul A. Lemke, III**
**Owens & Lemke, Inc.**
**Post Office Box 595**
**Harrisonburg, LA 71340**
**(318) 744-5431**
**Counsel for Plaintiff/Appellee:**
**Lenora Elliott Pitts**

EZELL, Judge.

The Plaintiff-Appellee, Lenora Elliot Pitts Schmidt, moves to dismiss the appeal of the Defendant-Appellant, Ray Gene Pitts, as untimely filed. Finding that the basis raised by the Plaintiff is insufficient to support a dismissal of this appeal, we deny the motion.

Following rendition of a final judgment in this domestic matter, the Defendant filed a timely motion for new trial. This motion was denied in a written judgment signed on June 15, 2010, and notice of the signing of this ruling was mailed to the parties on June 16, 2010.

On July 16, 2010, the Defendant filed a motion for appeal by facsimile. On July 19, 2010, the Defendant filed the original signed copy of the facsimile filed motion and also filed an amended motion and order for devolutive appeal. The trial court signed the order of appeal attached to the amended motion on July 26, 2010.

The record in this appeal was lodged in this court on September 20, 2010, and on this same date, the Plaintiff filed the instant motion to dismiss the appeal. The Plaintiff argues that the Defendant did not file the motion and order for appeal within the time constraints set forth in La.Code Civ.P. arts. 3942 and 3943. In particular, the plaintiff asserts that the facsimile filed motion for appeal did not have an order of appeal attached. Furthermore, the Plaintiff contends that the subsequent amended motion for appeal, which did have an order of appeal attached, was not filed within the thirty-day time period from the mailing of the ruling denying the motion for new trial as required by Article 3942.

Initially, this court must determine the appropriate delays for seeking an appeal of the final judgment in this case. The trial court's final judgment sets the amount the Defendant is to pay in child support and makes this amount retroactive to September

1

10, 1996. Additionally, the judgment assesses arrearages against the Defendant and assesses him with all costs.

Louisiana Code of Civil Procedure Article 3943 reads, "An appeal from a judgment awarding custody, visitation, or support of a person can be taken only within the delay provided in Article 3942. Such an appeal shall not suspend execution of the judgment insofar as the judgment relates to custody, visitation, or support." Louisiana Code of Civil Procedure Article 3942(A) states, "An appeal from a judgment granting or refusing an annulment of marriage or a divorce can be taken only within thirty days from the applicable date provided in Article 2087(A)(1)-(3)." Pursuant to La.Code Civ.P. art. 2087(A), the delay for seeking an appeal in this instance began running on the date that the clerk's office in the district court mailed notice of the trial court's denial of the timely filed motion for new trial.

Insofar as the trial court's judgment assesses the Defendant with a judgment of arrearages and casts the defendant with costs, we find that La.Code Civ.P. arts. 3942 and 3943 are inapplicable. *See Johnson v. Johnson*, 2008-60 (La.App. 4 Cir. 5/28/08), 986 So.2d 797, *writ not considered sub nom.*, *Hebert v. Johnson*, 2008-1418 (La. 10/3/08), 992 So.2d 1001. Thus, the time period for seeking an appeal from these portions of the trial court's judgment are controlled by the general provisions of La.Code Civ.P. arts. 2087 and 2123. Accordingly, we deny the motion to dismiss this appeal as to the arrearages and the costs based on the filing of the motion and order of appeal within sixty days from the notice of the judgment denying the motion for new trial.

However, as to the portion of the trial court's ruling setting the amount of the child support Defendant is to pay, this court agrees with the Plaintiff that the delay for seeking an appeal of this ruling was thirty days from the mailing of the notice of

2

the judgment denying the motion for new trial. The Plaintiff contends that the facsimile filing of the motion for appeal by the Defendant was deficient because the motion did not have an order of appeal attached.

In pertinent part, the facsimile filed motion for appeal reads as follows:

**MOTION AND ORDER FOR DEVOLUTIVE APPEAL**

COMES NOW, RENA PITTS, the duly qualified executrix of the Estate of Ray Pitts, through undersigned counsel moves the Court to grant a Devolutive Appeal from the Judgment filed on March 11, 2010, said Judgment was signed on March 12, 2010 who respectfully represents:

1.

The Clerk's office sent out the Notice for the Denial of the New Trial on June 16, 2010.

ORDER

IT IS ORDERED that a Devolutive Appeal be granted to the Defendant, Rena Pitts, and the Appeal should be returnable to the 3rd Circuit Court of Appeal on the ___ day of _____, 2010.

WHEREFORE, Defendant prays that this Honorable Court grants a Devolutive Appeal.

In compliance with La.R.S. 13:850, the Defendant filed the original signed copy of the facsimile sent motion with the trial court on July 19, 2010.

The jurisprudence of this state has long held that appeals are favored and are not to be dismissed on mere technicalities. *Brock v. Tidewater Constr. Co.*, 318 So.2d 100 (La.App. 3 Cir. 1975). We find that the facsimile filed motion for appeal sufficiently provides an order that the trial court could have dated and signed.

The Plaintiff points out to this court that the trial court did not sign this order of appeal. Rather, the Defendant filed an amended motion and order for appeal which had an order attached that was completely separate from the motion. This order of appeal had provided lines to be filled in for the date of signing, gave the location at which the order was to be signed in Harrisonburg, Catahoula Parish, and provided a blank for the district judge's signature. However, this court observes that other than these minor differences, there were no significant differences between the amended

3

motion and order for appeal and the original facsimile filed motion and order for appeal.

In light of the jurisprudence favoring the maintaining of appeals, we find that the trial court's signing of the amended order of appeal instead of the original order should not result in a dismissal of this appeal. Accordingly, for all of the above reasons, we deny the Plaintiff's motion to dismiss this appeal.

**MOTION TO DISMISS APPEAL DENIED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.