NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CM 24-503

JOSEPH HARVEY GAUTREAUX, ET AL.

VERSUS

LOUISIANA FARM BUREAU CASUALTY INSURANCE COMPANY

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 81835
HONORABLE ANTHONY THIBODEAUX, DISTRICT JUDGE

**********

SHARON DARVILLE WILSON

JUDGE

**********

Court composed of Van H. Kyzar, Sharon Darville Wilson, and Wilbur L. Stiles, Judges.

MOTION TO DISMISS UNLODGED APPEAL DENIED.

**Stephen B. Murray, Jr.**
**Stephen B. Murray, Sr.**
**Arthur Murray**
**Murray Law Firm**
**701 Poydras Street**
**Suite 4250**
**New Orleans, LA 70139**
**(504) 525-8100**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
     **Joseph Harvey Gautreaux, Individually and on behalf of others similarly siuated**

**Kenneth W. DeJean**
**Law Office of Kenneth W. DeJean**
**Post Office Box 4325**
**Lafayette, LA 70502**
**(337) 235-5294**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
     **Joseph Harvey Gautreaux, Individually and on behalf of others similarly siuated**

**Kenneth D. St. Pe**
**Kenneth D. St. Pe, APLC**
**311 W. University Avenue**
**Suite A**
**Lafayette, LA 70506**
**(337) 534-4043**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
     **Joseph Harvey Gautreaux, Individually and on behalf of others similarly siuated**

**John Randall Whaley**
**Benjamin H. Dampf**
**Whaley Law Firm**
**6700 Jefferson Highway**
**Building 12, Suite A**
**Baton Rouge, LA 70806**
**(225) 302-8810**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
     **Joseph Harvey Gautreaux, Individually and on behalf of others similarly siuated**

**Wayne J. Lee**
**Heather S. Lonian**
**Stone, Pigman, Walther, Wittmann L.L.C.**
**909 Poydras Street**
**Suite 3150**
**New Orleans, LA 70112**
**(504) 581-3200**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Louisiana Farm Bureau Casualty Insurance**

**James K. Ordeneaux**
**Matthew T. Habig**
**Plauche, Maselli, Parkerson  LLP**
**701 Poydras Street**
**Suite 3800**
**New Orleans, LA 70139**
**(504) 582-1142**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Louisiana Farm Bureau Casualty Insurance**

**Charles C. Garrison**
**Caffery, Oubre, Campbell, & Garrison, LLP**
**Post Office Drawer 12410**
**New Iberia, LA 70562**
**(337) 364-1816**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Louisiana Farm Bureau Casualty Insurance**

**WILSON, Judge.**

Plaintiffs-Appellees in this class action matter, Joseph Harvey Gautreaux, et al, filed a motion seeking the dismissal of the unlodged appeal taken by the defendant-appellant, Louisiana Farm Bureau Casualty Insurance Company. For the reasons below, we deny the motion.

On September 14, 2014, Plaintiff Joseph Gautreaux filed suit, individually and on behalf of others similarly situated, alleging that the actual cash value of insureds' total vehicle losses was undervalued by the Mitchell Work Centers Total Loss computer system used by Defendant. Plaintiffs accuse Defendant of violating Louisiana Revised Statutes 22:1982(B)(5) and Louisiana Revised Statutes 22:1973 (as was in effect at the time when the lawsuit was filed) by engaging in a system of misleading its insureds, intentionally undervaluing their claims, and refusing to negotiate claims in good faith. On March 18, 2018, Plaintiffs filed a motion for class certification, and a class certification hearing was held in April 2018. On August 23, 2018, the trial court granted Plaintiff's motion for class certification.

Plaintiffs then filed a motion for partial summary judgment on the issue of statutory compliance, specifically seeking judgment that Defendant's WCTL system violates the requirements of Louisiana Revised Statutes 22:1892(B)(5). That motion for summary judgment was granted by the trial court on November 15, 2021, along with multiple motions for partial summary judgment on behalf of Defendant. That ruling was affirmed by this court. *Gautreaux v. Louisiana Farm Bureau Cas. Ins*. Co., 22-294 (La. App.3 Cir. 12/29/22), 362 So 3d 896, *writ denied*, 23-399 (La. 5/16/23), 360 So.3d 837.

Then, on March 4, 2024, Defendant filed a motion seeking decertification of the class. The trial court denied Defendant's motion for class decertification, and

Defendant sought review of that ruling, both by the current appeal and via an application for supervisory writs. Prior to this court ruling on Defendant's application for supervisory writs, Plaintiffs filed the current motion seeking the dismissal of the still unlodged appeal taken by the Defendant.

However, on September 24, 2024, this court ruled on the Defendant's pending writ application, stating:

> **<u>WRIT GRANTED.</u>** This court grants the instant writ application for the limited purpose of ordering the consolidation of this writ application with the appeal which has not yet been lodged with this court for review of the trial court's judgment denying Relator's motion to decertify class. Briefing and oral argument will be set according to the rules regarding appeals upon the lodging of the appeal. In the event that the appeal is voluntarily dismissed prior to its lodging with this court, Relator is hereby commanded to notify this court of this fact within ten days of the dismissal.

"It is well established law that appeals are favored by Louisiana courts, . . . and unless the grounds urged for a dismissal are free from doubt, an appeal will be sustained." *Brock v. Tidewater Constr. Co.*, 318 So.2d 100, 102 (La.App. 3 Cir.1975) (citing *Emmons v. Agric. Ins. Co.*, 158 So.2d 594 (La.1963). This court has further held a judgment denying a motion to decertify class is an appealable judgment under Louisiana Code of Civil Procedure article 592(A)(3)(b). *Sutton Steel & Supply, Inc. v. BellSouth Mobility, Inc.*, 07-146 (La.App. 3 Cir. 12/12/07), 971 So.2d 1257, *writ denied*, 08-94 (La. 3/14/08), 977 So.2d 931. Addressing class certification rulings specifically, this court in *West v. G & H Seed Co.*, 01–1453, p.8 (La.App. 3 Cir. 8/28/02), 832 So.2d 274, 281 (citations omitted) stated: "[c]ertification of a class of plaintiffs is an interlocutory ruling, may create irreparable harm to defendants, and thus justifies appellate review. Because any potential error in this judgment . . . cannot practically be corrected on appeal after trial on the merits, the defendants are allowed to appeal such certification." Following the aforementioned jurisprudence of

this court, we hereby deny Plaintiffs' motion to dismiss the unlodged appeal, at Plaintiffs' cost.

**MOTION TO DISMISS UNLODGED APPEAL DENIED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.